ALBANY,
June, 1831.

Bank of St. Albans
v.
Knickerbacker

---

BANK OF ST. ALBANS *vs.* KNICKERBACKER and others.

The residence of a greater number of witnesses in an *adjoining state*, adjacent to the place of trial laid in the declaration, is not sufficient to retain the venue, although the plaintiff has obtained the assurances of his witnesses to attend, &c.

MOTION to change venue. The defendants moved to change the venue from *Clinton* to *Rensselear*, on the ordinary affidavit of five witnesses residing in Rensselaer county, and two farther south. The motion was resisted, on the grounds that the action is brought against the defendants as the sureties of a former cashier of the bank of St. Albans, charging a violation of duty on his part ; that it will be necessary, on the trial of the cause, to produce the books of account of the bank ; and that if the venue be changed to Rensselaer, it will be extremely inconvenient and detrimental to the plaintiffs to have their books out of the bank for such a length of time as will be necessary ; that they have fifteen witnesses residing at St. Albans, and four at Burlington, both places being in Vermont, from whence to *Plattsburgh*, the shire town of Clinton, a steam-boat daily plies ; and of course that their witnesses will be able conveniently to attend the trial, if the venue be not changed ; and that *ten* of those residing at St. Albans have promised to attend ;

June 9.

ALBANY,          and that the plaintiffs believe they will attend at Plattsburgh,
June, 1831.       if the venue be not changed.

Bank of St. Al-
bans
v.
Knickerbacker

*J. L. Wendell*, for the defendants.

*B. F. Butler*, for the plaintiffs.

*By the Court*, NELSON, J.   I was disposed at first blush to
deny this motion, the principle upon which the decisions in
cases of this kind are made being the convenience of wit-
nesses, and the plaintiffs having brought themselves within
the exception suggested by Mr. Justice SUTHERLAND, in *Peet*
v. *Billings & others*, 2 *Wendell*, 282, they have obtained the
assurances of their witnesses to attend at the place where the
venue is laid ; but in *Canfield* v. *Lindley*, 4 *Cowen*, 532, the
court refused to retain the venue, although the plaintiff shew-
ed a greater number of witnesses necessary on his part than
had been sworn to by the defendant, solely on the ground
that several of them resided out of the state, beyond the
reach of the process of the court, and that a *commission* to
examine them might ultimately be necessary.   On consulta-
tion with my brethren, I find that this decision has been uni-
formly adhered to. · The motion therefore must be granted.