JAMES R. BOWLES, as Administrator of the Estate of AMELIA BOOSE, Deceased, Respondent, v. THE ROME, WATERTOWN AND OGDENSBURG RAILROAD COMPANY, Appellant.

*Change of place of trial — when an action will be removed from the Superior Court of the city of New York, in order to change the place of trial for the convenience of witnesses.*

The plaintiff, a resident of the State of Pennsylvania, who had been appointed administrator of one Boose, by the surrogate of Orleans county, in which county the said Boose had died from injuries caused by a collision occurring therein upon the road of the defendant corporation, brought this action to recover the damages thereby occasioned, against the said corporation in the Superior Court of the city of New York. The defendant moved to have the action removed from the Superior Court to the Supreme Court and to have the place of trial changed to the county of Oswego for the convenience of witnesses. All the witnesses on the part of the plaintiff resided in the State of Pennsylvania, except one, who resided in the State of New Jersey. The affidavit of the defendant showed that eight of its witnesses reside in the county of Oswego, five in Orleans county, one in Onondaga county and two in Monroe county.

*Held,* that the motion should be granted.

That the fact that the plaintiff's non-resident witnesses could more conveniently come to the city of New York than to the county of Oswego was no answer to the motion.

APPEAL from an order denying a motion to remove this case from the Superior Court to the Supreme Court, and to change the place of trial to the county of Oswego, on the ground of the convenience of witnesses.

*D. H. Chamberlin,* for the appellant.

*A. W. Otis,* for the respondent.

DAVIS, P. J.:

This action is brought by the plaintiff to recover damages as administrator of the estate of Amelia Boose, deceased, for an injury caused by a collision on the defendant's road which resulted in her death. The plaintiff was a resident of the State of Pennsylvania. The defendant is a corporation of this State operating a railroad running through several counties of the western part of the State. The cause of action arose in the county of Orleans, where the injury which caused the death of the plaintiff's intestate and her death occurred, and the plaintiff was appointed administrator by the surrogate of that county. All the witnesses on the part of the plaintiff reside in the State of Pennsylvania except one who resides in the State of New Jersey. The affidavits on the part of the defendant show that eight of its witnesses reside in Oswego county, five in Orleans county, one in Onondaga county and two in Monroe county.

The action should not have been brought in the Superior Court of the city of New York, nor, if brought in the Supreme Court, should the place of trial have been laid in this city. (Code, § 984.) It would seem that the action was brought in the Superior Court for the purpose of depriving the defendant of its right to demand that the trial be had in the proper county as provided by the Code (§§ 985, 986). Perhaps the only remedy it had was by this motion to remove the cause to the Supreme Court for the purpose of changing the place of trial under section 269 of the Code ; and as this motion is made to change the place of trial solely on the ground of convenience of witnesses, it is not necessary to consider whether the defendant could be deprived of the right of demanding a trial in the proper county by the act of the plaintiff in bringing the action in the Superior Court. Under the well

settled rules of practice the fact that the plaintiff has material witnesses residing in other States, who can more conveniently come to the city of New York than to the county of Oswego, is no answer to the motion. (*New Jersey Zinc Company* v. *Blood*, 8 Abb., 147; *Canfield* v. *Lindley*, 4 Cowen, 532; *Bank of St. Albans* v. *Knickerbacker*, 6 Wend., 541; *Peet* v. *Billings*, 2 id., 282.)

These cases were followed in *Hill* v. *Chambers* (N. Y. Daily Reg., Dec. 26, 1883), by Mr. Justice LAWRENCE, in which he said: "The convenience of witnesses for the defendant, who reside in the State of New Jersey, cannot be considered in determining this motion." (*N. J. Zinc Co.* v. *Blood, supra; Center* v. *Furman,* Daily Reg., March 22, 1878.)

The reason of the rule seems to have been that the attendance of the witnesses could not be compelled by the process of the court, and a commission might be necessary to examine them. The plaintiff, therefore, made no answer to this motion because all his witnesses were non-residents of the State, and were not, under the rule just referred to, to be considered at all upon the motion, and because after all allowance for the offer to admit what the witnesses on the part of the defendant would testify to, there still remained quite a number of witnesses who resided at and near the county of Oswego, to which it was desired to change the place of trial. But on looking at the proposed offers of admission, they are not broad enough to meet the facts sought to be proved by the testimony of the several witnesses, and therefore they should not have operated to prevent the granting of the motion.

We think the order should be reversed, and an order made granting the motion to remove the cause to the Supreme Court, and to change the place of trial to the county of Oswego, and that the costs of the motion below, and of this appeal, should abide the event of the action and be paid to the successful party.

BRADY and DANIELS, JJ., concurred.

Order reversed and motion granted; costs of the motion below, and of this appeal, to abide the event of the action.