CAMPBELL, RESPONDENT, *v.* ORIENTAL TRADING CO. ET AL., APPELLANTS.

(No. 3,861.)

(Submitted September 20, 1920. Decided November 19, 1920.)

[193 Pac. 1112.]

*Principal and Agent—Corporations—Authority of Local Agent —Liability of Principal—Evidence—Sufficiency.*

Agency—Apparent Authority—How Determined.
   1. The apparent authority of an agent to act as the representative of his principal must be gathered from all the facts and circumstances in evidence, and is, ordinarily, a question of fact.

Same—Local Agent—Scope of Authority.
   2. An agent to whom is intrusted the management of its local affairs may bind his company by a contract necessary and proper to be made in the ordinary prosecution of its business.

Same—Liability of Principal—Evidence—Sufficiency.
   3. *Held,* that evidence showing, among other things, that it was the duty of the agent of a company engaged in furnishing crews of laborers for railroad track maintenance work, to arrange for the needs of the crews and get things in shape so that the men would be taken care of, *etc.,* his principal was liable for goods purchased by him in the shape of groceries, supplies, *etc.*
   (MR. CHIEF JUSTICE BRANTLY dissenting.)

*Appeals from District Court, Lewis and Clark County; J. M. Clements, Judge.*

ACTION by P. H. Campbell against the Oriental Trading Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

*Mr. William Wallace, Jr., Mr. John G. Brown* and *Mr. T. B. Weir,* for Appellant, submitted a brief; *Mr. Weir* argued the cause orally.

*Mr. H. S. Hepner,* for Respondent, argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

This is an action to recover for merchandise alleged to have been sold and delivered to the defendant.

The plaintiff testified that on the morning of December 6, [1–3] 1917, H. Tarada, accompanied by one N. Goto, came to his place of business in the city of Helena, presented a card upon which was printed his name and the words the "Oriental Trading Company," introduced himself, represented himself to be the agent of the defendant, and stated that a gang of Japanese laborers employed by defendant were working in and about the tracks, yards and roundhouses of the Northern Pacific Railway in the city of Helena, and that groceries and other supplies would be needed for their subsistence. Addressing the plaintiff, he said: "You let this man Goto, who is foreman of the gang, have goods and charge to him, Goto, extra gang No. 6 and send the bill to us not later than the 25th of the month, and we will pay for the goods."

The plaintiff, relying upon the statement of Tarada, delivered to Goto goods of the value for which this suit is brought. On December 25, obeying the directions of Tarada, plaintiff mailed to defendant at Livingston, "in care of H. Tarada, account Oriental Trading Co.," a bill therefor. A period of several weeks having elapsed and no reply thereto having been received, the plaintiff, through a Helena bank, drew a draft directed to "H. Tarada, account Oriental Trading Co., Livingston, Montana," for the amount of the bill, which draft was later returned to the bank unpaid.

The authority of Tarada to speak for the defendant, and to fix liability upon it for the goods sold and delivered to Goto, is the vital question upon which this appeal must be determined. There is no dispute concerning the sale and delivery of the goods. The president of the defendant company was

sworn as a witness on the plaintiff's case, and testified that he knew Tarada; that Tarada stayed at Livingston, and at times interpreted between the foremen of the gangs and the men; that at the time in question defendant maintained a branch office in the city of Livingston, in this state, but that the main office of the company was at Seattle, in the state of Washington; that defendant was under contract with the Northern Pacific Railway Company to furnish to it gangs of Japanese laborers to work upon its tracks and elsewhere, for which the railway company paid it in one check; and that for supplies purchased upon the credit of his company for the use of the gangs, deductions were made and the balance paid to each of the Japanese laborers upon signing the payroll. This, coupled with the other testimony in the record, justified the district court in assuming that the success of the enterprise in which the defendant was engaged depended upon its ability to keep its gangs of workmen up to a given standard in numbers and efficiency by insuring them an adequate supply of food and clothing; and that the authority exercised by Tarada in pledging the credit of the defendant to that end was essential and indispensable to the carrying out of its contract with the railway company. (21 Ruling Case Law, par. 33, p. 854.) True, the witness did not specifically admit that Tarada was clothed with authority to answer for the defendant; but in reaching its ultimate conclusion that Tarada actually had authority to bind the defendant to pay for the goods delivered to Goto, the trial court had the right to assume that the statements of the witness that it was Tarada's duty ''to arrange for the needs of the gangs,'' and ''to get things in shape so that the men will be taken care of and the Oriental Trading Company protected,'' taken with all the other evidence before it, fairly implied that fact.

In view of all the evidence in the record, and the inferences properly to be drawn from it, including the failure of the defendant to disclaim the authority exercised by Tarada, the court had a right to determine that the defendant had authorized Tarada to make his assurance its own. The apparent authority of an agent to act as the representative of his prin-

cipal is to be gathered from all the facts and circumstances in evidence, and, ordinarily, that is a question of fact for the determination of the court, or the jury, as the case may be. (21 Ruling Case Law, par. 34, pp. 856, 857.) Were the rule otherwise, agency would be impossible of proof by anything less than a direct admission of the fact—something the adverse party may be very reluctant to make. The case falls within the well-settled principle that an agent to whom is intrusted the management of its local affairs may bind the company by a contract necessary and proper to be made in the prosecution of its business. (*Trent* v. *Sherlock*, 24 Mont. 255, 61 Pac. 650; *Spelman* v. *Gold Coin M. & M. Co.*, 26 Mont. 76, 91 Am. St. Rep. 402, 55 L. R. A. 640, 66 Pac. 597; *General Hospital Society* v. *New Haven etc. Co.*, 79 Conn. 581, 118 Am. St. Rep. 173, 9 Ann. Cas. 168, 65 Atl. 1065.)

From a careful review of all the evidence, we are convinced that the trial court correctly estimated the credibility of the witnesses, the weight to be given to their testimony, and the authority actually delegated to Tarada. We have carefully considered all the other questions of law urged in the brief of counsel, and find no merit in any of them.

Our conclusion is that the substantive evidence in the record is amply sufficient to uphold the judgment and the order denying defendant a new trial. They are therefore affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. CHIEF JUSTICE BRANTLY: I dissent for the reason that I do not think there is sufficient proof of agency.

Rehearing denied December 18, 1920.