MONTANA MEAT CO., Respondent, *v.* ORIENTAL TRAD-
ING CO., Appellant.

(No. 3,862.)

(Submitted September 20, 1920. Decided November 19, 1920.)

[193 Pac. 1113.]

*Principal and Agent—Corporations—Authority of Local Agent
—Liability of Principal—Evidence—Sufficiency.*

> 1. *Held,* on the authority of *Campbell* v. *Oriental Trading Co., ante,*
> p. 520, that where a reputed agent of defendant directed plaintiff
> to furnish to the foreman of a gang of railway track laborers sup-
> plies necessary for their maintenance, the same to be charged to
> the company, the latter was liable, it appearing, *inter alia,* that
> defendant had paid for the first bill of goods so sold but declined
> to pay for the one in suit.
> (Mr. Chief Justice Brantly dissenting.)

*Appeal from District Court, Lewis and Clark County; J. M.
Clements, Judge.*

Action by the Montana Meat Company against the Oriental
Trading Company. From a judgment for plaintiff and an
order denying a new trial, defendant appeals. Affirmed.

*Mr. Wm. Wallace, Jr., Mr. John G. Brown* and *Mr. T. B.
Weir,* for Appellant, submitted a brief; *Mr. Weir* argued the
cause orally.

*Mr. H. S. Hepner,* for Respondent, argued the cause orally.

MR. JUSTICE COOPER delivered the opinion of the court.

By stipulation of the parties it was agreed that all the evi-
dence presented in case No. 3,861, *Campbell* v. *Oriental Trad-
ing Co., ante,* p. 520, 193 Pac. 1112, should be admitted and
considered by the court in the present case, and, subject to the
objections there made, the issues of both law and fact should
be determined thereon.

It appears in the testimony that Tarada, the reputed agent
[1] of the defendant, accompanied by N. Goto, foreman of
extra gang No. 6, went into the place of business of the plain-
tiff and made representations similar to those made to P. H.
Campbell, the plaintiff in the preceding case, *viz.,* that he was

the agent of the Oriental Trading Company, and that he desired plaintiff to sell and deliver to Goto supplies for the gang under his charge, to charge them to him (Goto), and send the bill to "us" not later than the 25th of the month, and "we" would pay the bill; that after some discussion, plaintiff delivered the goods required to Goto, and, apprehending that difficulty might arise if the account were not presented before December 25, pay-day, on December 15 plaintiff forwarded that account, addressed to "H. Tarada, agent of the Oriental Trading Company, at Livingston, Mont." In addition to the evidence considered in the preceding case, it appeared that after some conversation over long-distance telephone with some person in the office of the defendant at Livingston a check was forwarded from that place in payment for the goods sold to Goto. The account here involved covers merchandise sold and delivered by plaintiff to defendant between December 15, 1914, to February 3, 1915. For these reasons and those given in the opinion in case No. 3,861, *Campbell* v. *Oriental Trading Co., ante,* p. 520, 193 Pac. 1112, the judgment and order denying a new trial are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.

MR. CHIEF JUSTICE BRANTLY: I dissent for the reason that I do not think there is sufficient proof of agency.

Rehearing denied December 18, 1920.