ATKINSON, RESPONDENT, v. BONNERS FERRY LUMBER
CO., LTD., APPELLANT.

(No. 5,726.)

(Submitted October 2, 1925.  Decided October 31, 1925.)

[240 Pac. 823.]

*False Imprisonment—Change of Venue—Convenience of Witnesses—Refusal—Abuse of Discretion.*

1. In an action for false imprisonment commenced in a county other than the one in which the tort was alleged to have been committed, *held* that the district court abused its discretion in denying defendant's motion for change of venue asked for on the ground of the convenience of witnesses and the promotion of justice, under section 9098, Revised Codes of 1921, on affidavits showing, among other things, that a large number of its witnesses residing in Idaho a short distance from the county seat of the county to which it was proposed to have the cause removed, would attend the trial, but would decline to attend if held in the county in which the action was brought, some 340 miles distant, *etc.*, no affidavits being filed in opposition; *held*, further, that irrespective of company's showing in support of the motion as made, it was entitled to the change of place of trial, under section 9096, to the county where the alleged tort was committed.

Appeal and Error, 4 C. J., sec. 2776, p. 807, n. 19; p. 808, n. 28.
False Imprisonment, 25 C. J., sec. 121, p. 529, n. 52.
Venue, 40 Cyc., p. 81, n. 80; p. 111, n. 73; p. 124, n. 15; p. 137, n. 42; p. 138, n. 51, 59.

*Appeal from District Court, Silver Bow County; George Bourquin, Judge.*

ACTION by George W. Atkinson against the Bonners Ferry Lumber Company, Limited, and others. From an order denying a change of venue, defendant company appeals. Reversed and remanded.

Cause submitted on brief of Appellant.

*Messrs. Clapp, Richardson, Enquist, Briggs & McCartney, Messrs. Norris, Hurd & Rhoades* and *Mr. H. C. Hall,* for Appellant.

In general, a change of venue should be granted where, in addition to the convenience of witnesses, the cause of action

arose or the transaction occurred or the subject matter thereof is located in the county to which the venue is sought to be changed. (40 Cyc. 138; *Kerr* v. *State Bank*, 4 N. J. L. 363; *Postel* v. *Weenhagen*, 86 Wis. 302, 56 N. W. 913; *Woolworth* v. *Klock*, 92 App. Div. 142, 86 N. Y. Supp. 1111; *Kaufman* v. *Kaufman*, 152 App. Div. 100, 136 N. Y. Supp. 592, 594; *Browne* v. *Town of Mt. Hope*, 73 App. Div. 599, 77 N. Y. Supp. 1.) A difference in the accessibility of the two places is also a material consideration. (*O'Beirne* v. *Miller*, 35 Misc. 337, 71 N. Y. Supp. 946.) The health of witness Mc-Coy, the managing agent of appellant, is such that it would be extremely dangerous for him to attend the trial of the action in Butte. This fact should be considered by the court. (*Tuthill* v. *Long Island R. Co.*, 26 N. Y. Supp. 1029.) Aside from such considerations, it is admitted that thirty-one witnesses on behalf of appellant will be convenienced by the change, while neither plaintiff himself nor any of his witnesses will be inconvenienced thereby. This fact is one of importance. (*Hays* v. *Faatz Reynolds Felting Co.*, 112 App. Div. 487, 98 N. Y. Supp. 386.)

No appearance on behalf of Respondent.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was commenced by the plaintiff in the district court of Silver Bow county to recover from the defendants, Bonners Ferry Lumber Company, Limited, and others, $25,000 alleged as actual damages, and $100 as exemplary damages for false imprisonment and abduction averred to have been committed May 7, 1923, pursuant to a conspiracy. In his complaint the plaintiff states that he is a citizen and resident of the Dominion of Canada, and that the defendant Bonners Ferry Lumber Company, Limited, is a Wisconsin corporation, doing business in the states of Montana and Idaho, After issue joined, the Bonners Ferry Lumber Company, Limited,

filed a motion, supported by affidavits, for a change of venue on the grounds of the convenience of witnesses and the promotion of justice. The motion was based on such affidavits and the files and records in the action, from which the [1] following facts appear: That the plaintiff is a resident and citizen of the Dominion of Canada; that he is a pauper, and unable to pay any of the costs in the action, or to give security for the payment of costs, having filed an affidavit *in forma pauperis;* that in consequence the defendant must advance its costs accruing during the pendency of the trial of the action, and will not be able to recover from the plaintiff therefor should he be unsuccessful; that the defendant is a nonresident engaged in business in Montana, and maintains a statutory agent upon whom service of process may be made upon it, who resides at Libby in Lincoln county; that service was made upon the defendant by serving such agent at Libby; that the alleged tort of which plaintiff complains was committed, if at all, in Boundary county, Idaho, and, if any part thereof was committed in Montana, it occurred in Lincoln county; that the only persons having knowledge of the facts of the case are residents of Boundary county, Idaho, and of Lincoln county, Montana; that none of the parties or witnesses in the case reside in or near Silver Bow county, Montana; that twenty-nine out of thirty-one of appellant's witnesses named reside in Bonners Ferry, Idaho, fifty miles distant from Libby, Montana, and 342 miles distant from the city of Butte, the county seat of Silver Bow county, by the shortest route of travel, requiring a change of trains at Sand Point, Idaho; that one of defendant's witnesses resides at Libby in Lincoln county, Montana, and another at Wallace, Idaho; that the health of the defendant's principal witness is such that he may not safely attend the trial of the action at Butte in Silver Bow county; that all nonresident witnesses have assured the defendant that they will attend the trial of the action should it be held at Libby in Lincoln county;

that there is no means by which the defendant may compel the attendance of witnesses in Silver Bow county; that no witness on behalf of the plaintiff will be inconvenienced by the change from Silver Bow county to Lincoln county; and that the movant is the only one of the defendants named in the action upon whom process has been or is likely to be served.

There were no affidavits in opposition, and there is no dispute as to the facts. At the hearing the only showing made or attempted on the part of the plaintiff was the introduction of an answer filed in the district court of the United States for the District of Idaho, northern division, in an action entitled *Roy Wilson, Plaintiff,* v. *Charles C. Moore,* and other individuals named as defendants, verified by one F. A. Shultis. The appellant was not a party to the action, and the purpose or materiality of such answer is not apparent, The motion was denied by the court, and this appeal was taken by the defendant Bonners Ferry Lumber Company, Limited, from the order denying the defendant a change of venue. (Sec. 9732, Revised Codes 1921, as amended by Chapter 39, Laws of 1925.)

The only question presented by the specifications of error is whether the court was in error in denying the motion for a change of the place of trial because of the convenience of witnesses and the promotion of justice.

The statute provides, so far as applicable: "The court or judge *must,* on motion change the place of trial. * * * 3. When the convenience of witnesses and the ends of justice would be promoted by the change." (Sec. 9098, Rev. Codes 1921.)

It is made clearly to appear that not only the convenience of witnesses require the change of place of trial, but that the ends of justice will be subserved thereby. To say that the facts presented to the court in this instance do not require an order changing the place of trial would render the statute

meaningless.  It is difficult to conceive how it would be possible for any litigant to make a stronger showing in support of a motion for a change of venue on the grounds stated, nor can we understand how the court, in the face of such undisputed facts, could have denied the motion.

The general rule is that the trial court's judicial discretion in such matters will not be interfered with, but, in this instance, from the undisputed facts, there was a manifest abuse of discretion.  Irrespective of the showing made by the appellant as to the convenience of witnesses and the promotion of justice as reason for granting a change of venue, it was the defendant's unquestionable right to have the case tried in the county where the tort was committed.  (Sec. 9096, Rev. Codes 1921; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030; *Dryer* v. *Director-general,* 66 Mont. 298, 213 Pac. 210.)  Such right, of course, may be waived (sec. 9097, Rev. Codes 1921), and here the appellant's motion was based solely on the ground of the convenience of witnesses and the promotion of justice; it having been theretofore denied a change of venue, before issue joined, on its motion for such change, supported by affidavits, on the ground of the convenience of witnesses, and that the tort, if committed at all, was perpetrated in Lincoln county.

The order is reversed and the cause remanded, with directions to grant the appellant's motion.

*Reversed and remanded.*


MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, STARK and MATTHEWS concur.