TORSTENSON, RESPONDENT, v. INDEPENDENT PUBLISH-
ING CO., APPELLANT.

(No. 6,481.)

(Submitted October 9, 1929. Decided December 6, 1929.)

[282 Pac. 861.]

 

*Messrs. Hurd, Hall & McCabe,* for Appellant, submitted a brief; *Mr. George E. Hurd* argued the cause orally.

*Mr. Harlow Pease* and *Mr. Howard M. Lewis,* for Respondent, submitted a brief; *Mr. Lewis* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an appeal from an order of the district court denying a motion made by the defendants for a change of venue upon the ground that the defendants have reason to believe that an impartial trial of the action cannot be had in Sheridan county wherein the case is pending.

The only question presented in disposition of the appeal is whether the court committed an abuse of its discretion, thus depriving the defendants of substantial rights, in denying the defendants' motion for a change of place of trial.

It appears that on February 4, 1927, the plaintiff filed an action in the district court of Sheridan county, whereby he sought to recover $50,000 compensatory damages and $50,000 exemplary damages for the publishing of an alleged libel against him in connection with the hold-up and robbery of the county treasurer's office on the evening of November 30, 1926; the plaintiff then being the county treasurer. On February 27, 1928, the defendants filed an answer constituting a general denial, thus raising issues of fact. Subsequently, on August 25, 1928, the defendants filed a motion for a change of the place of trial, supported by the affidavit of the defendant Will A. Campbell, and those of fourteen residents of Sheridan county. The defendants' motion is predicated upon the alleged facts "that there is reason to believe, and the defendants and each of them do believe, that an impartial trial cannot be had in said action in Sheridan county * * * by reason of the bias and prejudice of jurors." Among other things, the supporting affidavits assert, as the principal reason

for believing that bias and prejudice exist among the citizens of Sheridan county, so that the defendants cannot have a fair and impartial trial, is that for a period of ten years last past there has existed throughout Sheridan county intense and bitter political entanglements, commencing with the organization of the "Nonpartisan League," which carried on extensive propaganda urging all electors and the public generally to join such organization for the purpose of controlling politics in Sheridan county, and electing only those who were members of such organization, thus discriminating in favor of its members and against professional men, business men, and all others not members of such organization; that while the Nonpartisan League in name has disappeared, it was succeeded by the "Progressive Farmers," which has organized units in practically all of Sheridan county, its purpose being to engender class hatred in the community against all professional and business men, and that out of the membership of such organization a large part of the prospective jurors will be drawn at the term when this action will be tried; that the members of such organization, if called as jurors, will necessarily be adverse to any person not a member of the farmers and laborers' organization in Sheridan county, and that neither of the defendants is a member of such organization; that the alleged robbery of the treasurer's office created considerable excitement and incited much discussion throughout the county, and the remnants of the Nonpartisan League, and the organization known as the "Progressive Farmers," which likewise had an ally, known as "the Farmers' Labor Party," have sought by propaganda to uphold the contention of the plaintiff, Torstenson, and to make it appear to the people of Sheridan county that such robbery was in fact actual and genuine; and that, by reason of articles appearing in a radical newspaper known as the "Producers' News," published at Plentywood, Montana, attempting to sustain the contention of Torstenson that he was actually robbed, prospective jurors have been prejudiced against the defendants.

On August 31, 1928, the plaintiff filed his affidavit, together with those of sixty residents of Sheridan county, denying the existence of such bias and prejudice in Sheridan county against the defendants as to deny unto them a fair and impartial trial of the action before an unprejudiced jury, fifty-nine of whom aver that they are qualified for jury duty. These affiants also flatly denied most of the affirmative statements made in the affidavits of the affiants supporting the defendants' motion. B. Larson, one of the fourteen who made affidavit for the defendants, afterwards completely repudiated the same, and is numbered among the sixty who made affidavit for the plaintiff.

The motion was by the court heard on September 22, 1928, and taken under advisement until December 10, 1928. On the last-mentioned date, the court entered an order denying the motion, wherein it is recited that, "while the number of affidavits submitted in opposition is much larger than those submitted in support of the motion, I do not consider that fact controlling, because in a case such as is here presented, where the affidavits are contradictory in character, it is the duty of the court to reconcile these conflicts so far as possible, and where the conflict is irreconcilable, to consider all matters that may have any bearing on the truth of the different statements made, in order to determine what are the facts. * * * After a careful consideration of the questions presented, I have arrived at the conclusion that the reputed bias and prejudice does not in fact exist, and that the defendants will be able to obtain a fair and impartial trial in Sheridan county."

The statute provides that "the court or judge must, on motion, change the place of trial in the following cases: * * * 2. When there is reason to believe that an impartial trial cannot be had therein [i. e., where the action is pending]. * * * " (Sec. 9098, subd. 2, Rev. Codes 1921.) Thus it is left entirely to the sound legal discretion of the court to determine from the facts submitted, though conflicting, whether there is reason to believe that an impartial trial can be had in the county. And this court has frequently held, in

accordance with the rule generally given recognition, that the decision of the trial court in denying a motion for a change of venue will not be disturbed on appeal unless it clearly appears that the court has abused its discretion. (*Kennon* v. *Gilmer*, 5 Mont. 257, 51 Am. Rep. 45, 5 Pac. 847; *Territory* v. *Manton*, 8 Mont. 95, 19 Pac. 387; *In re Davis' Estate*, 11 Mont. 1, 27 Pac. 342; *State* v. *Davis*, 60 Mont. 426, 199 Pac. 421; *Atkinson* v. *Bonners Ferry Lumber Co.*, 74 Mont. 393, 240 Pac. 823.)

While recognizing such principle as universally applied, the defendants contend that their ex parte showing was such as to entitle them to a change of venue, although there were counter-affidavits before the court, and that its refusal to adopt as true the showing made by the defendants constituted such an abuse of discretion as to warrant a reversal of the court's order. It is argued that a jury trying the facts in a case must be instructed, in effect, that its power of judging of the effects of evidence is not arbitrary, but is to be exercised with legal discretion and in subordination to the rules of evidence (sec. 10672, Rev. Codes 1921), and that in principle there can be no distinction between the evidence given and heard by a court and that heard by a jury, when a question of fact is to be determined. Conceding this to be true, there was an abundance of evidence before the court to sustain its decision in complete accord with such contention.

We can see no merit in the defendants' appeal. The law is at variance with their contention, and the order must be and is hereby sustained.

Mr. Chief Justice Callaway and Associate Justices Matthews and Angstman concur.