DAWSON, Respondent, *v.* DAWSON, Appellant.

(No. 6,932.)

(Submitted March 15, 1932. Decided April 4, 1932.)

[10 Pac. (2d) 381.]

*Mr. John T. Andrew* and *Mr. W. H. Maloney,* for Appellant, submitted a brief.

*Messrs. Marron & Foor,* for Respondent, submitted a brief; *Messrs. Loble & Adair,* of Counsel; *Mr. Lester H. Loble* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

On September 24, 1929, the plaintiff, although a resident of Jefferson county, instituted this action for a divorce in Roosevelt county, on the ground of desertion. The defendant was regularly served with a copy of the complaint and summons in Silver Bow county. She appeared in the action on October 14, 1929, and demanded a change of venue to Jefferson county, which demand was supported by her affidavit, but no appearance by way of answer or demurrer was made at that time by her. Her motion was based upon the fact that both the plaintiff and the defendant are residents of Jefferson county; that she was advised by her counsel, and verily believed, that she had a good defense on the merits in the action; that the trial of the action in Jefferson county would save expense and be more convenient; and that for defendant

to take her witnesses from the county of Jefferson to the county of Roosevelt would entail great expense, inconvenience and trouble to her and her witnesses. On November 22, 1929, the plaintiff made and filed a counter-affidavit, supported by the affidavit of James J. Harrington, county clerk of Silver Bow county, showing that the defendant had resided in Silver Bow county for at least two years theretofore, was a registered elector in that county, residing at 200 West Park Street, in the city of Butte, and engaged in beauty culture; that about four years prior to going to Butte to live she had lived with her parents in Alameda, California, and had not resided in Jefferson county for a period of six years. On February 13, 1930, the motion was by the court denied by Hon. S. E. Paul, District Judge, upon the ground that Jefferson county was not the defendant's place of residence. On August 18, 1930, the defendant filed an affidavit disqualifying Judge Paul because of alleged bias and prejudice. On August 21, 1930, the defendant filed her answer to the plaintiff's complaint consisting of a general denial, and also a second motion for a change of venue on the ground of the convenience of witnesses. Her affidavit filed in support of the motion merely states that the cause is now at issue; "that Mrs. Mary Dawson, Peter J. Dawson, Myrtle Dawson, Mary Tuttle, Clifford Dawson, Leslie Dawson, S. H. Knowles, Alma Knowles, John Mountjoy, Andrew Hall, Mrs. Murphy, W. D. Manlove and Mrs. W. D. Manlove are material, necessary and the principal witnesses for the defendant on the trial of said action, and by whom she expects to prove that she did not on the dates alleged, or at any other time, desert the plaintiff. That all of said witnesses reside in the county of Jefferson, * * * and it would be inconvenient for them to attend the trial of said action in the county of Roosevelt, * * * that affiant knows of no other persons or means by which she can prove the foregoing facts; that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial of said action from the county of Roosevelt, where the same is now pending to the

county of Jefferson, where said witnesses reside." The plaintiff made and filed a counter-affidavit on December 31, 1930. On July 15, 1931, the defendant's motion for a change of venue was denied by Hon. John Hurly, Judge presiding. The appeal is from Judge Hurly's order.

The question presented for decision is whether the court was in error in denying the defendant's motion for a change of place of trial.

So far as here applicable, except as to other instances theretofore specially enumerated, section 9096 of the Revised Codes of 1921 provides: "In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found." And by the direction of section 9097, "if the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county." And a change of place of trial must be ordered "when the convenience of witnesses and the ends of justice would be promoted by the change." (Id., sec. 9098.)

As noted by the clearly expressed language employed in section 9097, where the defendant makes application for a change of place of trial because the county in which the action is commenced is not the proper county for the trial of the action, he must do so "at the time he appears and answers." (*State ex rel. Interstate Lumber Co.* v. *District Court*, 54 Mont. 602, 172 Pac. 1030; *Danielson* v. *Danielson*, 62 Mont. 83, 203 Pac. 506; *State ex rel. Davis* v. *District Court*, 72 Mont. 56, 231 Pac. 395.) If made before that time it comes too soon, and if made after the answer or demurrer it comes too late. It is a motion which must be made and determined in advance of any other judicial action in the case. (25 Cal. Jur., pp. 396, 397.) This provision of the statute for change of venue on the ground that "the county in which the

action is commenced is not the proper county for the trial thereof,'' while expressly prohibiting the consideration of such an application for a change of venue except where made when the answer or demurrer is filed, in itself constitutes, at least by implication, permission for the filing of such an application by the defendant on any other of the grounds enumerated in section 9098 within a reasonable time after appearance. And what is a reasonable time must depend on attendant circumstances. (25 Cal. Jur. 899.)

"The plaintiff, within the limitations of the statutes, may select any county he chooses for the trial of his action, and to this choice the defendant must conform unless he seasonably moves for a change of place of trial. The word 'moves,' as here employed, comprehends the things necessary to be done by the litigant to obtain an order of court directing the change. A defendant may waive his right to the privilege of the change by omitting to demand the right or by failing to observe the statutory requirements. * * * 'If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files an affidavit of merits, and demands, in writing, that the trial be had in the proper county.' (Sec. 9097, Rev. Codes 1921.) This section is not operative by itself; it is operative only in connection with the next section, 9098, which provides that the court or judge must, on motion, change the place of trial when the county designated in the complaint is not the proper county. While section 9097 furnishes the basis for the motion, it does not supply the place of the motion. The filing of the affidavit and demand do not operate ipso facto to change the place of trial. The court can act only upon motion. * * * The litigant seeking a change of place of trial under these sections must, first, file an affidavit of merits and a demand in writing; second, apply to the court for an order changing the place of trial. These movements, mentioned as first and second above, are distinct and separate; also indispensable and

imperative, in the absence of an agreement of the parties. (Sec. 9102, Rev. Codes 1921.)'' (*O'Hanion* v. *Great Northern Ry. Co.*, 76 Mont. 128, 245 Pac. 518, 519.) It will be seen, therefore, that the motion made and considered by Judge Paul was an idle ceremony, there being no answer or demurrer filed by the defendant at the time it was made and considered.

This court has held that a motion made for a change of venue on the ground of the convenience of witnesses can with propriety be made, and be by the court considered, only after the defendant has answered. (*Wallace* v. *Owsley*, 11 Mont. 219, 27 Pac. 790. See, also, *Grewell* v. *Walden*, 23 Cal. 165; *Cook* v. *Pendergast*, 61 Cal. 72; *Thomas* v. *Placerville Gold Min. Co.*, 65 Cal. 600, 4 Pac. 641; *Howell* v. *Stetefeldt F. Co.*, 69 Cal. 153, 10 Pac. 390; *McSherry* v. *Pennsylvania C. G. M. Co.*, 97 Cal. 637, 32 Pac. 711.) We agree with such holding, for until an action is at issue, the court is not in position to determine whether a change of place of trial for the convenience of witnesses is necessary.

Accordingly, the only question we are now required to determine is whether Judge Hurly abused his discretion in denying the defendant's motion for a change of venue on the ground of the convenience of witnesses.

As noted, by the provisions of section 9098 of our Codes, a change of place of trial must be by the court ordered ''when the convenience of witnesses and the ends of justice would be promoted by the change.'' The provisions of this section are mandatory, and require the district court to change the venue, but only after a motion has been made and a sufficient showing made by the defendant. The court cannot act of its own motion, for, while a party may have an absolute right to a change of venue, it is a right which he may waive, and the court is without authority to invoke the statute in his behalf. (*State ex rel. Gnose* v. *District Court*, 30 Mont. 188, 75 Pac. 1109; *State ex rel. Sell* v. *District Court*, 52 Mont. 457, 158 Pac. 1018; *Danielson* v. *Danielson*, supra; *O'Hanion* v. *Great Northern Ry. Co.*, supra.) And the power of the courts to grant changes of venue is limited to the exercise of a judi-

cial discretion for good cause shown, which must consist of a statement of the facts, rather than the mere conclusions or opinions of the parties making affidavits in support of motions for a change of place of trial. (*Kennon* v. *Gilmer,* 5 Mont. 257, 51 Am. Rep. 45, 5 Pac. 847; *Territory* v. *Manton,* 8 ■■ Mont. 95, 19 Pac. 387.) The affidavits by a party filed in support of a motion for a change of venue on the ground of the convenience of witnesses should contain the names of the witnesses and the testimony expected from each, as well as the reasons why it is inconvenient for them to attend the trial at the place where the action is pending. (25 Cal. Jur. 905.)

In order to show the materiality of the testimony to be given by the witnesses, the affidavit should set forth that which it is expected to prove by each of them so that the court may determine its competency and materiality. The affidavit must show the cause by a statement of the facts, and the court must arrive at a conclusion from the facts stated, and not from the conclusions of a witness. (*Kennon* v. *Gilmer,* supra; *State* v. *Spotted Hawk,* 22 Mont. 33, 55 Pac. 1026; *Cook* v. *Pendergast,* supra.) The affidavit must show that the witnesses are material and necessary to support the contention of the moving party, and in order to make such showing a statement should be made as to the testimony expected to be proved by each of them, so that the trial judge may be in position to make determination as to whether the convenience of witnesses and the ends of justice will be promoted by such change. (*Ennis-Brown Co.* v. *Long,* 7 Cal. App. 313, 94 Pac. 250.)

Here the defendant in her affidavit for change of place of ■■ trial merely names thirteen persons who reside in Jefferson county, and states that she *"expects"* to prove by them that she has not been guilty of desertion as charged in the plaintiff's complaint. This is altogether too general. It gave the court no more definite information as to the testimony to be given by the witnesses than had she merely stated that she would substantiate her defense by the residents of Jefferson county. It was impossible for the court to make a judicial

determination from such general averment as to whether in fact the convenience of witnesses and the ends of justice would be promoted by a change of the place of trial.

It is well settled that determination of a motion for a change of venue grounded upon the convenience of witnesses rests largely in the discretion of the trial court, and where a change of venue is denied on conflicting affidavits, or where the showing made by the movant is insufficient, the trial court's discretion will not be interfered with. (*Torstenson* v. *Independent Pub. Co.*, 86 Mont. 163, 282 Pac. 861; *Atkinson* v. *Bonners Ferry Co.*, 74 Mont. 393, 240 Pac. 823; *State* v. *Davis*, 60 Mont. 426, 199 Pac. 421; *Blossom* v. *Waller*, 30 Cal. App. 439, 158 Pac. 509; *Scott* v. *Stuart*, 190 Cal. 526, 213 Pac. 947.)

The order is affirmed.

Mr. Chief Justice Callaway and Associate Justices Ford, Angstman and Matthews concur.