JOANN LITTLE, as Special Administratrix of the Estate of
Gerald Clinton Little, deceased, Plaintiff and Respond-
ent, v. FRANCES STROBEL, Defendant and Appellant.
No. 9889.
Submitted November 5, 1959. Decided November 19, 1959.
Rehearing Denied December 15, 1959.
346 Pac. (2d) 971.

See **C. J. S.** Venue, § 143.

Wellington D. Rankin, Arthur P. Acher, Helena, Ben E. Berg, Jr., Bozeman, for appellant. Arthur P. Acher argued orally.

Longan & Jones, Billings, for respondent. Franklin S. Longan, Billings, argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an appeal from an order denying a motion for change of place of trial. On October 25, 1953, a collision occurred in Sweet Grass County, Montana, between a truck driven by plaintiff's intestate and a car driven by the defendant. Thereafter defendant was charged with manslaughter, tried before a jury and convicted. Defendant appealed to this court and on December 7, 1956, the judgment of conviction was reversed and the cause remanded for a new trial.

In November 1954 this action was filed, and on December 28, 1955, the motion for change of place of trial was filed by the defendant. The motion recited that the defendant believed she could not have an impartial trial of the case in Sweet Grass County, and was supported by affidavits. The motion was called up for hearing pursuant to notice given by the plaintiff on April 30, 1957, at which time counteraffidavits were filed by the plaintiff. Two witnesses were called by the plaintiff to testify orally and the matter was then submitted to the court. On September 4, 1957, the presiding judge denied the motion for change of place of trial. On October 29, 1957, defendant filed notice of appeal. The sole specification of error is that the court erred in denying defendant's motion.

It is the contention of the defendant, as disclosed by the affidavits supporting her motion, that the manslaughter case, this case and another civil case, which is dealt with in a separate opinion, caused and received great publicity and were the subject of knowledge and comment among the residents of Sweet Grass County to an extent that every person called as a prospective juror would have a fixed opinion. One of the affidavits, in commenting on the fixed opinion, admits there are two groups, one expressing strong conviction that the defendant was not guilty of any misconduct; the other that she was. Other affidavits expressed the opinion that there is a feeling of bias and prejudice against the defendant in the county and by reason thereof she could not have a fair and impartial trial.

Affidavits filed resisting the motion aver that the affiants have heard the case discussed but no comment disclosing bias or prejudice towards the defendant; that the plaintiff's intestate was not a resident of Sweet Grass County whereas the defendant has been such a resident throughout her life and is a member of an old established and prominent family of the county; that her parents have enjoyed good and respectable reputations therein; and that while appellant's father is now deceased her mother is still a resident of the county.

While it is set forth that the various procedural steps in the criminal case, this civil action and the other, have been given publicity through the weekly and daily press, there is no charge that such publicity has been other than fair reporting of news, such as is commonplace in our age of fast and factual reporting.

As we have heretofore stated, ''The rule is well-settled that ▆ the matter of granting or refusing a motion for change of venue rests in the sound discretion of the trial court and that its discretion will be disturbed only when it appears that the court has abused its discretion.'' McGraff v. McGillvray, 135 Mont. 256, 339 Pac. (2d) 478, 480, rehearing denied 342 Pac. (2d) 736; Torstenson v. Independent Publishing Co., 86 Mont. 163, 282 Pac. 861; Kennon v. Gilmer, 5 Mont. 257, 5 Pac. 847, 51 Am. Rep. 45; State v. Lund, 93 Mont. 169, 18 Pac. (2d) 603; State v. Davis, 60 Mont. 426, 199 Pac. 421; Atkinson v. Bonners Ferry Lumber Co., 74 Mont. 393, 240 Pac. 823.

Counsel for defendant lay great stress upon the fact that the ▆ jury in the criminal trial convicted their client and such conviction having been reversed by this court ''is the irrefutable manifestation that prejudice against Frances Strobel exists in Sweet Grass County.'' This contention is made because this court held in State v. Strobel, 130 Mont. 442, 304 Pac. (2d) 606, 613, that upon a full consideration of the entire record in that case there was no substantial evidence that the defendant was under the influence of intoxicating liquor. It must be remembered that there was another issue before the jury in the criminal case, that being, criminal negligence in unlawfully driving to the left of the centerline of the highway which the State contended was supported by substantial evidence and warranted the conviction of the defendant. After reviewing the evidence with regard to that issue, this court stated: ''The jury evidently rejected the testimony of the defendant and accepted the evidence offered by the State. This it had a right to do.'' This court made another observation in its opinion which is worthy of noting in this connection, when it said: ''Other testimony on

behalf of the defendant which is urged in appellant's brief as warranting a reversal of the judgment created sharp conflicts in the evidence, all of which were by the verdict resolved against the defendant. * * *

"Notwithstanding the insufficiency of the evidence with respect to the defendant's intoxication, there was sufficient competent evidence upon which to submit to the jury the issue of the defendant's criminal negligence in driving to the left of the centerline of the highway."

This court, however, held that the element of criminal negligence was not included in the one instruction given to the jury relating to driving to the left of the centerline of the highway and that it was error to have given such instruction. This court stated:

"However, the above rule was not made known to the jury in the case at bar. The customary charge directing the jury to consider the instruction as a whole and not to single out any certain instruction and ignore the others, was not offered or given. The absence of this instruction might well have misled the jury to single out some one instruction, such as Instruction No. 7 [being the one held to have been erroneously given] and to decide the case upon it alone. Under these circumstances, the giving of Instruction No. 7 was especially prejudicial to the defendant."

It will thus be seen that the jury could have reached their verdict upon the issue of criminal negligence in unlawfully driving to the left of the centerline of the highway and not upon the issue of driving under the influence of intoxicating liquor. This so-called "manifestation" is thus easily refuted and fails to support the contention of defendant.

Sweet Grass County had at the time this matter was before the court 1,573 persons eligible for jury service, many of whom live on ranches and farms at considerable distance from the county seat. Six years have now gone by since the tragic accident. The defendant is entitled to a fair and impartial trial

before an unbiased and unprejudiced jury. The district judge, after this matter was submitted to him felt that she could have a trial in the county where she resided and had lived all her life and therefore denied the motion. Since we are of the same opinion and fail to discern any abuse of discretion, the order is affirmed.

MR. JUSTICES ANGSTMAN and CASTLES concur.

MR. JUSTICES ADAIR and BOTTOMLY specially concurring:

In our opinion this court's decision in McGraff v. McGillvray, 135 Mont. 256, 339 Pac. (2d) 478, 342 Pac. (2d) 736, is here controlling. While we dissented in the McGraff case, yet we bow to the doctrine of *stare decisis,* and therefore on this ground concur in the result reached in the foregoing opinion.

MR. JUSTICE BOTTOMLY additionally specially concurring:

In addition to the foregoing specially concurring opinion, I direct attention to the fact that this court has nullified the statute providing for a change of venue which was one of the three Fair Trial Laws for which the people of this state fought for many years and finally, in the year 1903, in a Special Extraordinary Session of the Legislature, Laws 1903, 2d Ex. Sess., c. 2, obtained.