No. 9896. L. W. HAGEMAN, doing business as HAGEMAN TRANSPORT COMPANY, PLAINTIFF AND RESPONDENT, v. FRANCES STROBEL, DEFENDANT AND APPELLANT.
Submitted November 5, 1959.
Decided November 19, 1959.

346 Pac. (2d) 973.

Rehearing Denied December 15, 1959.

*Wellington D. Rankin* and *Arthur P. Acher,* Helena, for appellant. *Arthur P. Acher* argued orally.
*Fred N. Dugan,* Billings, argued orally, for respondent.

MR. CHIEF JUSTICE HARRISON:

Appeal from an order denying motion for change of place of trial upon the ground that the defendant cannot have an impartial trial in Sweet Grass County. Complaint in this cause was filed November 15, 1955; motion for change of place of trial filed February 13, 1957. On June 27, 1957, attorney for the plaintiff gave notice calling up the motion for hearing on July 3, 1957. The matter was submitted by the defendant

upon affidavits, being copies of the affidavits filed in Little v. Strobel, 136 Mont. 272, 346 Pac. (2d) 971. Plaintiff called two witnesses. On September 30, 1957, the district judge denied the motion and notice of appeal was filed on November 29, 1957.

Since the defendant used the same affidavits in this cause as in Little v. Strobel, supra, and made the same contentions herein, what is said in that opinion applies with equal force here.

While defendant further contends that in this cause the showing of prejudice was uncontroverted by the plaintiff, we disagree with such conclusion.

Finding no abuse of discretion on the part of the district court, the order denying the motion for change of place of trial is affirmed.

MR. JUSTICES ANGSTMAN and CASTLES concur.

MR. JUSTICES ADAIR and BOTTOMLY specially concurring.

In our opinion this court's decision in McGraff v. McGillvray, 135 Mont. 256, 339 Pac. (2d) 478, 342 Pac. (2d) 736, is here controlling. While we dissented in the McGraff case, yet we bow to the doctrine of *stare decisis*, and therefore on this ground concur in the result reached in the foregoing opinion.

MR. JUSTICE BOTTOMLY additionally specially concurring.

In addition to the foregoing specially concurring opinion, I direct attention to the fact that this court has nullified the statute providing for a change of venue which was one of the three Fair Trial Laws for which the people of this state fought for many years and finally, in the year 1903, in a Special Extraordinary Session of the Legislature, Laws 1903, 2d Ex. Sess., c. 2, obtained.