THOMAS R. NEELY, Plaintiff and Respondent, v. WILLIAM C. STEINBACH, TOM LANE and DeLOS ROBBINS, Defendants and Appellants.

No. 11180.
Submitted January 9, 1967. Decided February 1, 1967.
423 P.2d 584.

Keller, Magnuson & Reynolds, Rankin & Acher, Glen Drake (argued), Helena, for appellants.

Victor F. Valgenti (argued), Missoula, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from an order denying appellant's motion for a change of venue. The action, which was brought in Missoula County, is to recover for breach of a written contract for the sale of cattle.

Appellant William C. Steinbach is one of three defendants in an action brought by respondent Thomas R. Neely. According to the complaint, the other two defendants, DeLos Robbins and Tom Lane, acted as agents of Steinbach in negotiating the contract in question. The motion for a change of venue to Lewis and Clark County is supported by affidavits and interrogatories from which we can glean a somewhat hazy set of facts.

Steinbach is a resident of Lewis and Clark County and told Lane that he had a certain number of heifer cattle which he wished to sell. Lane passed this information on to Robbins, who in turn told the respondent Neely that these cattle were available for purchase. Neely inspected the cattle at the Steinbach ranch and subsequently, on September 22, 1964, entered into a written contract with Robbins in Missoula. Under this agreement Neely agreed to purchase 235 of the Steinbach heifers

from Robbins. A down payment was made to Robbins at that time. The contract further provided that the cattle were to be delivered to the Neely ranch in Missoula County.

On or about September 23, 1964, Robbins told Lane that Neely had agreed to purchase 235 head. Thereupon Lane, according to his own affidavit, entered into an agreement (apparently oral) with Steinbach in which Lane agreed to purchase 250 head from Steinbach. These various negotiations were drawn together on or about October 8, 1964, when Lane, Robbins and Neely met at the Steinbach ranch. Lane accepted delivery of his cattle and "at the same time" Neely cut his heifers from the herd. These acts appear to have occurred simultaneously. The Neely cattle were then trucked to Missoula County by an undisclosed party. There is no indication that Robbins ever had any personal interest in or title to the cattle involved in the sale.

Lane then paid Steinbach the balance due; Neely paid Robbins. How funds passed from Robbins to Lane, if this in fact did occur, is not explained by the documents before the court. Both Steinbach and Neely agree that there were never any direct dealings between them.

The complaint alleges a breach of contract arising from the presence of diseased animals in violation of express warranties found in the written instrument. In this appeal Steinbach sets forth two reasons why Lewis and Clark County is proper venue. First, that Steinbach is the only real party-defendant in interest and must be sued in the county of his residence. The second reason offered is that the contract was actually performed in Lewis and Clark County, not in Missoula County.

Section 93-2904, R.C.M.1947, states as a general rule that proper venue is the county in which the defendant or any one of several defendants resides. But this section also provides: "* * * Actions upon contracts may be tried in the county in which the contract was to be performed * * *." Thus the section states a specific exception to the general rule in actions

based on a contract. In construing this section, this court has said that the phrase "may be tried in the county in which the contract was to be performed" gives the plaintiff an option to bring suit in either the county of the defendant's residence or the county where the contract was to be performed. Love v. Mon-O-Co Oil Corp., 133 Mont. 56, 319 P.2d 1056; McNussen v. Graybeal, 141 Mont. 571, 579, 380 P.2d 575.

The appellant has assumed for purposes of his first argument (but has not conceded as a fact) that Lane and Robbins were his agents. As such, he argues, they would not be personally liable for a breach of a contract which they negotiated while acting within the scope of their agency authority. Since Steinbach, the principal, would be the only defendant subject to liability he would be the only real party-defendant in interest. Steinbach then argues that Lane and Robbins, who are residents of Missoula County, were joined in a fraudulent attempt to obtain venue in Missoula County.

We find two serious objections to this line of reasoning. Initially, a very real factual question is presented as to whether Lane and Robbins were agents for Steinbach. We have said that the authority of an agent is a fact question properly subject to jury determination. Campbell v. Oriental Trading Co., 58 Mont. 520, 193 P. 1112. In the absence of direct evidence of an agency relationship, an agent's authority to bind his principal may be implied from the acts of the parties and the total circumstances surrounding the transaction. Healy v. Ginoff, 69 Mont. 116, 220 P. 539. It might develop on trial that Robbins or Lane might be personally liable on the contract. In that case, Missoula County would clearly be proper venue. There is nothing before us to support Steinbach's charge that Lane and Robbins were joined for the sole purpose of directing venue to Missoula County.

Our second and stronger objection is that the line of argument set forth above completely ignores the "performance exception" to the general rule of venue. Assuming, *arguendo,* that

Steinbach is the only real party-defendant in interest, section 93-2904 clearly gives the plaintiff the option to bring suit in the county where the contract was to be performed, as we have already discussed. In Hardenburgh v. Hardenburgh, 115 Mont. 469, at page 478, 146 P.2d 151, at page 154, this court said:

"It is not the fact that the action is founded upon a contract but the fact that the contract sued upon indicates the particular county in which, at the time of contracting, the parties mutually intended it *was to be performed* that brings the action within *the performance exception* * * *."

Steinbach's second argument is that the contract was actually performed in Lewis and Clark County. Again, this is a factual question which we cannot resolve, but assuming that it was performed in Lewis and Clark County, the *"performance exception"* is predicated only upon the specific agreement of the parties when the contract is entered. The question is not where the contract in fact was performed but where the parties agreed it was to be performed at the time of contracting. This clearly was Missoula County.

We can reach no other conclusion but that Missoula County is proper venue for an action based on the written contract before us. Whether the appellant Steinbach will ultimately be liable for the breach depends upon the outcome of a trial on the merits. The burden was on Steinbach to show that the allegations of the complaint concerning venue were without merit, and this burden was not met. For example, we are told that a bill of sale was given by Steinbach to Lane, but none of the affiants or counsel for the appellant were able to state in whose name the bill of sale was issued. However, during oral argument counsel for respondent stated flatly, and was not contradicted, the bill of sale was from Steinbach to Neely. The cattle were trucked directly from the Steinbach ranch to Neely's ranch. Whether Lane and Robbins were acting as agents of Steinbach is clearly a question of fact.

Granting a change of venue lies in the sound discretion

of the district court, and in the absence of manifest abuse of this discretion, the decision of the court below must stand. Little v. Strobel, 136 Mont. 272, 346 P.2d 971. Since the contentions of appellant are without merit, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR, DOYLE and JOHN C. HARRISON, concur.