## J. Q. SHIRLEY, RESPONDENT, v. F. NODINE ET AL., APPELLANTS.

PLACE OF TRIAL—VENUE.—The convenience of witnesses residing in a neighboring state will not entitle a party to a change of the place of trial.

IDEM—PRACTICE.—An affidavit stating that a party believes the convenience of witnesses will be promoted by a change of the place of trial, is not sufficient without showing upon what grounds such belief is founded.

IDEM.—The mere statement, in an affidavit, of a belief that the witness residing in an adjoining state will voluntarily attend, is not sufficient to entitle a party to a change of the place of trial.

APPEAL from the third judicial district, Oneida county.

*F. E. Ensign*, for the appellants.

*Huston & Gray*, for the respondent.

HOLLISTER, C. J., delivered the opinion; CLARK, J., and PRICKETT, J., concurring.

This is an action commenced by the respondents against the appellants in the district court of Oneida county; and at the June term, 1877, thereof, the appellants filed their motion for a change of venue to the county of Ada, on the ground that the convenience of witnesses and the ends of justice would thereby be promoted. The affidavit of Mr. Nodine, which was filed in support of the motion, after stating the facts which are expected to be proved and the names of witnesses, shows that all the witnesses reside in the state of Oregon, and also if the trial of the action can be changed to Ada county, the affiant believes the attendance of the witnesses can be procurred at the trial. The court overruled the motion for a change of venue, and it is from this order that the appeal is taken.

A motion of this character is always addressed to the sound discretion of the court, and it is only in cases which clearly show that this discretion has been abused that the decision of the court will be interfered with. It is evident from the showing made to the district court that all the witnesses, whose convenience, it is alleged, the change of the place of trial will promote, reside beyond the jurisdiction of the court, in an adjoining state, and that their attendance can not be compelled by its process. The mere fact that the party moving for the change believes that the witnesses will voluntarily attend, is not sufficient, without stating on what grounds the belief is founded. This court can not act upon the mere belief or opinion of a party, but it must be put in possession of facts by which it can determine that such belief or opinion is supported by them. Had the affidavit stated that the witnesses had promised to attend the trial, if a change had been ordered to Ada county, it would have presented a case which might have entitled the party to the order. Though in such a case the supreme court of the state of New York (6 Wend. 541) has decided otherwise,

Points decided.

the same court, in 4 Cow. 532, say: "We do not remember its ever having been held, that the fact of witnesses residing in a neighboring state is to weigh with us in fixing the venue."

The appellants can have their commission to examine all their witnesses, and the retention of the venue can in no wise work to their injury.

The order of the district court is affirmed.