(December 31, 1924.)

MARY ONDES, Appellant, v. BUNKER HILL & SULLIVAN MINING & CONCENTRATING COMPANY, a Corporation, et al., Respondents.

[232 Pac. 578.]

CHANGE OF PLACE OF TRIAL—DISCRETION OF THE COURT.

> The granting or refusing to grant a change of place of trial is addressed to the sound discretion of the trial court, and an order granting or refusing to grant a change of place of trial will not be disturbed on appeal unless there has been a clear abuse of discretion.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Appeal from an order granting a change of place of trial. *Affirmed.*

Lynn W. Culp, for Appellant, cites no authorities on point decided.

C. W. Beale, for Respondent.

The showing on the part of appellant in opposition to the motion of respondent on the ground that it could not have a fair and impartial trial in the county of Kootenai, was insufficient. (*Gibbert v. Washington Water Power Co.*, 19 Ida. 637, 115 Pac. 924.)

Appellant did not make a sufficient showing to combat the showing of respondent as to convenience of witnesses, and did not make any showing as to what she could prove by any witness or witnesses, or that she was advised by her attorney that any of her witnesses was material or necessary, or as to the occupation of any witness she expected to have at the trial or what she expected to prove by any such witness. (*Shirley v. Nodine*, 1 Ida. 696; *Cook v. Pendergast*, 61 Cal. 72; *Smith v. Mack*, 70 Hun, 517, 24 N. Y. Supp. 131; *Lyman v. Grammercy Club*, 28 App. Div. 30, 50 N. Y. Supp. 1004; *Chapin v. Overin*, 72 Hun, 514, 25 N. Y. Supp. 627.)

WM. E. LEE, J.—This is an appeal from an order granting a change of place of trial from Kootenai county to Shoshone county. Respondent, Bunker Hill & Sullivan Mining & Concentrating Company, appeared and among other things filed a motion to change the place of trial upon all of the grounds, save the fourth, contained in C. S., sec. 6666. The motion was granted.

It appears from the pleadings that the purpose of the action is to reform a written instrument. Appellant is a resident of Shoshone county; and the only defendant served, Bunker Hill & Sullivan Mining & Concentrating Company, is a foreign corporation whose office and principal place of business is in Shoshone county. It appears further that the Bunker Hill & Sullivan Mining & Concentrating Company does not carry on any business whatever in the county of Kootenai; and while there are other defendants named in the action, both individuals and corporations, the Bunker Hill & Sullivan Mining & Concentrating Company was the

only defendant served. There is no showing as to the residence or principal place of business of the defendants not served, except one individual who is said to reside in Kootenai county. From affidavits filed on behalf of respondent, Bunker Hill & Sullivan Mining & Concentrating Company, it appears that in the trial of the cause it will be necessary to use six witnesses, all of whom reside in Shoshone county. From the affidavit of appellant it appears that she will only use two witnesses, one of whom resides in Kootenai county. From all the facts disclosed by the affidavits of the parties we are of the opinion that the action should be tried in Shoshone county. The granting or refusing to grant a change of place of trial is addressed to the sound discretion of the trial court, and an order granting or refusing to grant a change of place of trial will not be disturbed on appeal unless there has been a clear abuse of discretion. (*Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460; *Gibbert v. Washington Water Power Co.,* 19 Ida. 637, 115 Pac. 924.) From a careful consideration of the entire record, we are of the opinion that the court did not abuse its discretion.

Order affirmed. Costs to respondent.

McCarthy, C. J., and Budge and William A. Lee, JJ., concur.