ENOS, RESPONDENT, *v.* AMERICAN SURETY COMPANY OF NEW YORK ET AL., APPELLANTS.

(No. 7,143.)

(Submitted November 28, 1933. Decided December 28, 1933.)

[28 Pac. (2d) 197.]

*Messrs. Smith, Mahan & Smith* and *Mr. J. R. Wine*, for Appellants, submitted a brief; *Mr. Sherman W. Smith* argued the cause orally.

*Mr. H. J. Freebourn,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff filed his complaint in Silver Bow county for damages, setting forth two causes of action based on the same facts. The action was against the defendant Parsons, the sheriff of Lewis and Clark county, and the surety on his official bond, and defendant Smith, the county attorney of the same county, and the surety on his official bond.

Each of the individual defendants filed a separate demurrer, notice of motion, motion, affidavit of merits, affidavit in support of motion, and demand for change of place of trial, in which their respective sureties joined with them. These motions were heard and by the trial court denied. The appeal is from the order denying the motion for change of place of trial.

Plaintiff in the first cause of action of his complaint alleged the corporate capacity of the sureties on the official bonds of the individual defendants; that the defendant Parsons was the sheriff of Lewis and Clark county; that defendant Smith was the county attorney of the same county; that the respective sureties on the official bonds of the individual defendants executed the bonds, copies of which were thereto annexed as exhibits; and that defendants Parsons and Smith, acting in their official capacities as sheriff and county attorney, respectively, on the thirteenth day of May, 1932, unlawfully violated the personal liberty of the plaintiff, unlawfully and falsely arrested him and restrained his personal liberty, and did imprison him for at least four hours in Butte, Montana, and thereafter transported plaintiff by automobile through Silver Bow county, Jefferson county, and in Lewis and Clark county, and thereafter placed him, without warrant of arrest and without plaintiff having committed any crime or public defense, in the jail of Lewis and Clark county, where he was detained to and including May 25, 1932. Numerous other allegations are contained therein relative to the treatment of plaintiff during his

imprisonment, and as to the damages sustained by him by reason of his arrest and detention.

The second cause of action is substantially the same as the first, with the exception that it is alleged that the individual defendants, acting in their official capacities, on the same date and in the night-time, in Silver Bow county, seized, confined and kidnaped the plaintiff with the intent to cause him without authority of law to be imprisoned within the state and to be kept and detained without authority of law.

Defendants based their motion upon the grounds that defendants Parsons and Smith were residents of Lewis and Clark county, where they were served with process; that the action was brought against them by reason of certain acts done by them while acting in the capacity of public officers of Lewis and Clark county; that the convenience of witnesses and the ends of justice would be promoted by changing the place of trial to Lewis and Clark county; and that "the alleged false detention and alleged false imprisonment of the plaintiff in the county jail of Lewis and Clark county, State of Montana, for a period of twelve days, and said alleged acts and transactions were had and done and transpired, in said Lewis and Clark county, Montana, and not within the county of Silver Bow, where this action is commenced."

A motion for a change of place of trial on the ground of convenience of witnesses can only be made and heard after the defendant has answered. (*Heinecke* v. *Scott,* ante, p. 200, 26 Pac. (2d) 167; *Dawson* v. *Dawson,* 92 Mont. 46, 10 Pac. (2d) 381.)

If the defendants were entitled to a change of place of trial as to either cause of action, their rights thereto could not be abridged by plaintiff joining therewith another cause of action, triable in the county in which the action was brought. (*Stewart* v. *First Nat. Bank,* 93 Mont. 390, 18 Pac. (2d) 801; *Woodward* v. *Melton,* 58 Mont. 594, 194 Pac. 154; *Yore* v. *Murphy,* 10 Mont. 304, 25 Pac. 1039; *Bond* v. *Hurd,* 31 Mont. 314, 78 Pac. 579, 3 Ann. Cas. 566; *State ex rel. Stephens* v. *District Court,* 43 Mont. 571, 118 Pac. 268, Ann. Cas. 1912C, 343.)

Defendants contend that the second cause of action is one for malicious prosecution, and, since the judicial proceeding under which plaintiff was arrested and detained was brought and conducted in Lewis and Clark county, it was the proper place of trial under the decisions of this court in the case of *Stewart* v. *First Nat. Bank,* supra. If the facts here were similar to those in the *Stewart Case,* there would be merit in defendant's contention. It nowhere appears in either plaintiff's complaint or in any of the various documents filed by the defendants that there was any judicial proceeding pending in Lewis and Clark county, or elsewhere, affording a basis for either the arrest or detention of plaintiff. No statement appears in the record on file in this court from which it can be inferred that any such judicial proceeding was pending.

The second cause of action of the complaint is lacking in at least two of the essential elements necessary to the statement of a cause of action for malicious prosecution; namely, that a judicial proceeding was commenced and prosecuted against plaintiff, and that such proceeding terminated favorably to plaintiff. (*Johnson* v. *Horn,* 86 Mont. 314, 283 Pac. 427; *Stephens* v. *Conley,* 48 Mont. 352, 138 Pac. 189, Ann. Cas. 1915D, 958; *Grorud* v. *Lossl,* 48 Mont. 274, 136 Pac. 1069.)

The distinction between malicious prosecution and false imprisonment is this: If the arrest and imprisonment are brought about by legal process, but the prosecution has been instituted and carried on maliciously and without probable cause, it is malicious prosecution. If the arrest and imprisonment have been accomplished without legal process, it is false imprisonment. (*Grorud* v. *Lossl,* supra.)

Manifestly, neither cause of action may be said to be based upon a malicious prosecution, and hence what we said in the *Stewart Case,* supra, with reference thereto, is not here in point.

Actions for tort are properly triable in the county where the tort was committed. (Sec. 9096, Rev. Codes 1921; *Johnson* v. *Crick,* ante, p. 388, 26 Pac. (2d) 359; *Benjamin* v. *Crick,*

ante, p. 390, 26 Pac. (2d) 360; *Stewart* v. *First Nat. Bank,* supra; *O'Hanion* v. *Great Northern Ry. Co.,* 76 Mont. 128, 245 Pac. 518; *Dryer* v. *Director-General of Railroads,* 66 Mont. 298, 213 Pac. 210; *State ex rel. Interstate Lumber Co.* v. *District Court,* 54 Mont. 602, 172 Pac. 1030.)

In this case it is alleged that the individual defendants were public officers and that the acts which they did were done by them in their official capacities. Section 9094, Revised Codes 1921, provides: "Actions for the following causes must be tried in the county where the cause, or some part thereof, arose, subject to the like power of the court to change the place of trial: * * * 2. Against a public officer, or person specially appointed to execute his duties, for an act done by him in virtue of his office; or against a person who, by his command or in his aid, does anything touching the duties of such officer."

It is suggested that, under the portion of the section quoted, the action was properly triable only in Lewis and Clark county under the authority of *State ex rel. Davis* v. *District Court,* 72 Mont. 56, 231 Pac. 395. This court in that case made a preliminary observation, standing alone, tending to support this contention, wherein it was said: "If the defendant, sued as he was in his official capacity, pursued his statutory remedy he was entitled to have the case tried in the county of which he was a public officer." The above-quoted section was cited as authority for the statement. There the sheriff of McCone county was sued in Valley county for the conversion of personal property. The case was decided upon the failure of the defendant to pursue his statutory remedy. It appears from the record in that case, at least inferentially, that the wrongful seizure by the sheriff occurred in McCone county. The statement in the opinion was applicable to the facts before the court in the case under consideration. Therefore what we there said, by reason of the diversity of the facts, is not here controlling.

In the case of *State ex rel. Stephens* v. *District Court,* 43 Mont. 571, 118 Pac. 268, 271, Ann. Cas. 1912C, 343, this court

had under consideration this identical section, and in its opinion said: "We think the legislature intended that an action against a public officer for a tort alleged to have been committed by him in the exercise of his authority as such officer should be tried in the county where the act was done." In that case the court also held that the phrase in this section, "in virtue of his office," included acts which were illegal, and that this phrase did not narrow the application of the section to include only legal acts of public officers.

The supreme court of Idaho, in the case of *Haffner* v. *United States Fidelity & Guaranty Co.*, 35 Idaho, 517, 207 Pac. 716, 717, had under consideration an identical statutory provision with that here under consideration, wherein the facts were similar to those here. The court cited with approval, and quoted from, the case of *State ex rel. Stephens* v. *District Court*, supra, and said: "Since the arrest occurred in Bannock county, and the imprisonment in Power county, some part of the second cause of action arose in each of these counties. * * * The court in Bannock county had jurisdiction, and the statute did not require that the cause be removed to Power county."

Under the allegations in the complaint, plaintiff was arrested by the defendants in Silver Bow county. At least some portion of the cause of action stated in each of the counts of the complaint arose there. Hence the cause of action is properly triable in Silver Bow county; it being the county in which the cause of action or some part of it arose. The trial court was not in error in denying the motion for the change of place of trial.

The order is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.