## McNEILL *v.* McNEILL

No. 8878

Submitted February 18, 1949.   Decided April 25, 1949.

.205 Pac. (2d) 509

Mr. T. H. MacDonald of Kalispell, and Mr. Smith McNeill, of Libby, for appellant.   Mr. MacDonald and Mr. Smith argued orally.

Mr. Harold Smith, of Kalispell, for respondent.   Mr. Smith argued orally.

MR. JUSTICE FREEBOURN:

From an order of the district court of the eleventh judicial district of the state of Montana, in and for the county of Flathead, denying a motion for change of venue and demand for change of place of trial, defendant appeals.

Plaintiff and respondent, Blanche Hobbs McNeill, wife, filed a complaint for divorce against defendant and appellant, Smith McNeill, husband, on August 13, 1948, in Flathead county, Montana.

Summons and complaint were served personally on defendant in Lincoln county, Montana.

Defendant appeared by general demurrer to complaint, accompanied by written motion for change of venue, affidavit of merits and demand that the action be transferred from Flathead county to Lincoln county.

Plaintiff filed an affidavit objecting to the granting of the motion and demand.

After hearing had, the lower court, in its written order, denied such motion and demand.

In determining this appeal we need only consider appellant's specification of error No. 2. It is as follows: "The court erred in denying the motion for change of venue after undisputed testimony that the defendant was a resident of Lincoln county and had been served with summons therein, and before an answer had been filed by the defendant."

It appears from the record that in making his motion and demand defendant complied with the provisions of section 9097, R. C. M. 1935, which is as follows: "If the county in which the action is commenced is not the proper county for the trial thereof, the action may, notwithstanding, be tried therein, unless the defendant, at the time he appears and answers or demurs, files and affidavit of merits, and demands, in writing, that the trial be had in the proper county."

It is beyond question that defendant, at the time of commencement of this action, resided in Lincoln county and was personally served with summons and complaint therein. The complaint alleges that defendant "had established himself in Lincoln county, Montana." Plaintiff's affidavit in opposition to the motion and demand states, "that Lincoln County is the residence of the defendant and where he maintains a law office." The Lincoln county sheriff's return on the summons shows personal service of summons and complaint on defendant, in Lincoln County, Montana. Defendant's affidavit of merits asserts "that he was at the commencement of this action and now is a resident of the County of Lincoln in the State of Montana, and not

a resident of the County of Flathead in which this action was commenced.''

In its written order denying defendant's motion and demand, the lower court said: ''The evidence shows that the defendant resides now and during all of the times mentioned in the plaintiff's complaint in the town of Libby, in the County of Lincoln.''

Sections 9093, 9094 and 9095, R. C. M. 1935, provide where certain actions must or may be tried. They make no mention of divorce actions. In determining the place of trial of divorce actions, we must look to section 9096, R. C. M. 1935, the relevant parts of which are: ''In all other cases the action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action, or where the plaintiff resides, and the defendants, or any of them, may be found; * * * subject, however, to the power of the court to change the place of trial as provided in this code.''

Under section 9096, above, defendant, being a resident of Lincoln county and served therein, having moved timely and in conformity with the statute, had a right to a change of venue and transfer of the action to Lincoln county, unless the court had ''the power'' to declare otherwise.

The lower court assumed it had such ''power'' under subdivision 3, section 9098, R. C. M. 1935, when it denied defendant's motion and demand.

The court's order recites: ''The court is of the opinion that under subdivision 3 of section 9098, R. C. M. 1935, this action should be tried in the County of Flathead where originally commenced and not in the County of Lincoln.''

Subdivision 3, and that part of section 9098, supra, relevant here, are: ''The court or judge must, on motion, change the place of trial in the following cases: * * * 3. When the convenience of witnesses and the ends of justice would be promoted by the change.''

At the time of the hearing and order made, the demurrer had not been disposed of and defendant had not answered.

As early at 1891 this court had laid down the rule that neither

a plaintiff nor a defendant can move for a change of place of trial because of the convenience of witnesses until after answer. At that time this court in Wallace v. Owsley, 11 Mont. 219, 27 Pac. 790, said:

"The right of the appellant to a change of the venue must be determined 'by the condition of things existing at the time the parties claiming it first appeared in the action.' * * *

"It should be observed that the appellant filed a demurrer with his motion, and the authorities are harmonious in holding that 'neither a plaintiff nor a defendant can move for a change of the place of trial, because of the convenience of witnesses, until after answer'."

In McKinney v. Mires et al., 95 Mont. 191, 26 Pac. (2d) 169, 171, this court said:

"In so far as pertinent here, section 9098, Revised Codes of 1921, [now 1935] declares that 'the court or judge must, on motion, change the place of trial: * * * 1. When the county designated * * * is not the proper county. * * * 3. When the convenience of witnesses and the ends of justice would be promoted by the change.' * * *

"On compliance with the statute and on a proper showing that the action was commenced in the wrong county, a defendant is entitled, on this first ground, to a change to the proper county as a matter of right. Feldman v. Security State Bank, 62 Mont. 330, 206 Pac. 425. On the contrary, a motion based upon the ground designated 3 above appeals to the sound discretion of the court, and can only be made after the defendant has answered and the court is in a position to determine whether or not there will be a trial, what are the issues, and, if issues of fact are presented, whether or not a change of the place of trial will be necessary in order to serve the convenience of witnesses."

In Dawson v. Dawson, 92 Mont. 46, 10 Pac. (2d) 381, 382, a divorce case, it was said: "This court has held that a motion made for a change of venue on the ground of the convenience of witnesses can with propriety be made, and be by the court considered, only after the defendant has answered. (Citing cases.)

We agree with such holding, for until an action is at issue, the court is not in position to determine whether a change of place of trial for the convenience of witnesses is necessary."

And again, in Archer v. Archer, 106 Mont. 116, 75 Pac. (2d) 783, 784, also a divorce case, this court said: "Applying these rule to the facts here, it follows that defendant's residence at the time of the commencement of this action was in Chouteau county. * * * This being so, the proper place for the trial of the action, under section 9096, is in Chouteau county. * * * Plaintiff resisted the motion (for change of venue) also on the ground of the convenience of witnesses. Her counsel concedes, and necessarily so, that at this stage of the proceedings, no answer having been filed in the case, that question cannot be raised."

Other decisions of this court holding the question of convenience of witnesses cannot be raised until answer filed, are: Heinecke v. Scott et al., 95 Mont. 200, 26 Pac. (2d) 167; Enos v. American Surety Co. of New York, 95 Mont. 588, 28 Pac. (2d) 197; and Kroehnke v. Gold Creek Mining Co., 100 Mont. 571, 51 Pac. (2d) 640.

Defendant not having answered, the action of the court in considering subdivision 3 of section 9098, R. C. M. 1935, in determining the motion for change of venue, was premature.

Defendant, as a matter of right, was entitled to have the case transferred to Lincoln county. To deny such right was prejudicial error.

It is therefore adjudged that the order appealed from be reversed and the cause remanded to the district court with directions to grant the motion of appellant for a change of place of trial to Lincoln county.

Mr. Chief Justice Adair and Associate Justices Angstman, Metcalf and Bottomly concur.