246 P.2d 216

JARVIS v. HAMILTON et al.

No. 7850.

Supreme Court of Idaho.

July 1, 1952.

Stephen Bistline, Sandpoint, for appellant.

Bandelin, Bandelin & Ponack, Sandpoint, Clements & Clements, Lewiston, for respondents.

THOMAS, Justice.

An action was filed by the plaintiff, hereinafter referred to as appellant, against the defendants, hereinafter referred to as respondents, in the District Court of Bonner County, Idaho, to establish a partnership, declare a breach, damages for breach, seeking an accounting and dissolution, and asking also in the prayer for a decree awarding possession of all the partnership property, alleged to consist of both real and personal property located in Bonner County, to appellant, for the agreed term of the partnership, upon payment to respondents of the value of their respective interests in the partnership at the date of dissolution.

A demand for change of venue was made to have the action tried in Nez Perce County, Idaho, the alleged place of residence of the respondents; the matter was heard upon affidavits and oral testimony,

and an order made changing the place of trial from Bonner County, in the Eighth Judicial District, to Nez Perce County, in the Tenth Judicial District of the State of Idaho.

From the order changing the place of trial this appeal is taken.

Appellant first urges that the action is for the recovery of real property situate in Bonner County, Idaho, or an estate or interest therein, or for the determination in some form of such right or interest, and that the action is not transitory, but local, and must be tried in Bonner County under the provisions of Sec. 5–401, Idaho Code.

Respondents contend that the action is not for the recovery of real property or any interest therein, or for the determination of any right or interest in real property in any form within the meaning of the venue statutes; that the action is transitory and the venue is governed by the provisions of Sec. 5–404, Idaho Code, and hence must be tried in Nez Perce County, where the defendants resided at the commencement of the action, and where they still reside.

█ Generally, the proper venue of an equity action for the establishment, dissolution and settlement of the partnership affairs is determined by the residence of the parties and not by the locality of the firm assets, even when such assets include real property. Miller v. Howell, Tex.Civ.App. 234 S.W.2d 925; Replogle v. Neff, 176 Okl.

333, 55 P.2d 436; Myers v. Garland, 122 Okl. 71, 251 P. 34; Woolley v. Shaw, 192 Okl. 107, 136 P.2d 398; 68 C.J.S., Partnership, § 412, page 935.

█ To determine when an action is local or transitory within the meaning of the venue statutes, it is necessary to determine its nature as disclosed by the pleadings and the scope of the judgment which might be entered. Kaluzok v. Brisson, 27 Cal.2d 760, 167 P.2d 481, 163 A.L.R. 1308; Turlock Theatre Co. v. Laws, 12 Cal.2d 573, 86 P.2d 345, 120 A.L.R. 786; Miller v. Howell, supra.

The appellant alleges the existence of a partnership, the breach thereof by the respondents, seeks damages for such breach, asks for an accounting and dissolution, and seeks further relief in the prayer by asking the court to decree that he be awarded possession of all the partnership property during the balance of the agreed term upon payment to respondents of the value of their respective interests in the partnership at the date of dissolution. This latter relief is sought under the provisions of the Uniform Partnership Act, Sec. 53–338, Idaho Code.

We have examined the allegations of the appellant's complaint and construed them so as to harmonize such allegations, as far as possible, and have searched for the primary and principal rights asserted and the primary relief sought; as a result of such examination we must construe the action as one in equity, having for its primary pur-

pose the ajudication of the creation of the partnership, its breach, damages for breach, a declaration of dissolution, and for an accounting; if the court, upon hearing on the merits, determines that a partnership exists, it will proceed to determine the partnership debts, if any, and order them paid out of the partnership assets, and proceed to determine and adjust the rights and equities among the partners; if necessary, the court would also determine any title questions to a proper winding up of the partnership affairs; this may, incidentally, require the disposition of properties located out of the county where the action is tried; if this should be necessary it would be incidental to the primary purpose of the action as above outlined. The relief as among the partners as to the real property is incidental to the equitable relief relating to the determination of the primary partnership issues as alleged in the complaint. Venue in such a case would be controlled by the primary rights asserted and the principal relief sought; it would not be controlled by the incidental purposes. Such an action, except, perhaps, in instances where unusual circumstances arise, is transitory, an action in personam and not in rem, and not governed by the rules of venue which relate to local actions. Miller v. Howell, supra; Woolley v. Shaw, supra.

Moreover, Sec. 5-401, I.C., upon which appellant relies, is effective only when real property or the title thereto is the primary subject matter of the action;

when the plaintiff seeks a remedy against the defendants upon matters which are not embraced within the provisions of such section, his action becomes one of those "other cases" provided for in Sec. 5-404, I.C., which the defendants are entitled to have tried in the county of their residence; here the plaintiff has sought equitable relief, for an accounting and liquidation, essentially an action in personam and transitory; defendants are given and have the right under Sec. 5-404, I.C., to have such action tried in the county of their residence; plaintiff cannot deprive them of such right by uniting in his complaint or setting forth in his prayer, a demand that as a sequence of such litigation, the defendants be required also upon payment to convey the real property located in a county other than of the residence of defendants. Hays v. Cowles, 60 Cal.App.2d 514, 141 P.2d 26; Martinez v. Martinez, 99 Cal.App.2d 425, 221 P.2d 986; Myers v. Superior Court, 75 Cal.App.2d 925, 172 P.2d 84; Bybee v. Fairchild, 75 Cal.App. 2d 35, 170 P.2d 54; Goossen v. Clifton, 75' Cal.App.2d 44, 170 P.2d 104; Vaughan v. Roberts, 45 Cal.App. 2d 246, 113 P.2d 884; Turlock Theatre Co. v. Laws, supra.

It is also urged that the court erred in changing the place of trial, for the reason that the defendants were, at the time of the commencement of the action, residents of Bonner County, Idaho. One of the defendants filed an affidavit but did not appear at the hearing. In such affidavit he

sets forth that he had been continuously at all times since the month of September, 1950, and still was, a bona fide resident of Nez Perce County, Idaho, and a freeholder therein, and that he did not nor had he at any time ever resided in Bonner County. The other defendant filed an affidavit to the same effect, in which he sets forth that he had been continuously at all times since March, 1951, and was at the time of the filing of his affidavit, a resident of Nez Perce County, State of Idaho, and that he was not nor had he at any time been a resident of Bonner County, Idaho; he also testified at the hearing to the effect that he owned a home in Lewiston, Nez Perce County, Idaho, and resided there with his family, and that his daughter attended school in Lewiston and that he was interested in a grocery business located at Lewiston, and in farm property in Lewis County, and that, while he had an interest in the business which is the subject matter of this action, and was the manager thereof, he did not spend to exceed twenty per cent of his time in Bonner County where the business was located, and that his family never had at any time lived in Bonner County. The appellant did not testify at the hearing, but filed a counter-affidavit, in substance and effect setting forth that one of the defendants operated the said business in Bonner County, and was a resident of said County at the time the action was commenced.

█ It would serve no useful purpose to detail the evidence adduced at the hearing. The court found upon the evidence adduced at the hearing and upon the conflicting affidavits that the defendants were bona fide residents of Nez Perce County, and its ruling on such issues is entitled, on appeal, to the same weight as a finding on conflicting evidence as to issues of fact. Hagan v. Gilbert, 83 Cal.App.2d 570, 189 P.2d 548.

██ Granting or refusing to grant a change of venue under Sec. 5-404, Idaho Code, is within the sound discretion of the trial court and will not be disturbed in the absence of manifest abuse of that discretion. Spaulding v. Hoops, 49 Idaho 289, 287 P. 947. We find that the trial court did not abuse its discretion.

█ The matter of the promotion of the ends of justice and the convenience of witnesses by refusing to change the place of trial is not before the court on the record, and hence could not be and is not considered.

The order is affirmed.

Costs to respondents.

GIVENS, C. J., and PORTER, TAYLOR and KEETON, JJ., concur.