Appeal by the plaintiff from a judgment of the Supreme Court, entered upon the verdict of a jury of “ no cause of action ” at a Trial Term in Broome County. The action is one laid in negligence for personal injuries sustained by plaintiff as a pedestrian when he was struck by the defendant’s automobile. Plaintiff was crossing Hawley Street in the city of Binghamton from the north side to the south side in a crosswalk at its intersection with Exchange Street. The intersection was controlled by a traffic light, and concededly the light was green and in plaintiff’s favor as he was crossing the intersection. Defendant was driving his automobile north on Exchange Street and of course the light was also in his favor. He turned left into Hawley Street, and, *1038 according to plaintiff’s testimony struck the latter so that he was thrown to the pavement near the south curb. The evidence as to the precise spot in the intersection where the accident occurred is scanty. Plaintiff testified that he was three quarters of the way across when he was struck, and we can find no contradiction of this testimony in the evidence given by the defendant. The latter gave no testimony as to where the accident happened on the Hawley Street crossing, in fact he appeared to he uncertain as to whether the plaintiff was crossing from north to south or south to north. In any event there is nothing in his testimony which indicated that he gave any warning of his intention to make a left-hand turn into Hawley Street. Any determination by the jury that he was free from negligence, if sueh was made, was certainly against the weight of evidence; and it is difficult to justify a determination that plaintiff was guilty of contributory negligence failing to observe or anticipate that defendant was about to make a left-hand turn. We think on the whole record that the verdict of no cause of action was against the weight of evidence. Judgment reversed and a new trial directed, .with costs to abide the event.
Foster, P. J., Bergan, Coon and Gibson, JJ., coneur; Reynolds, J., not voting.