386 P.2d 56

Robert E. STEPHAN, James A. Gannon and Miller-Stephan Co., a Corporation, Plaintiffs and Appellants,

v.

George A. HOFFMAN and Donald A. Hoffman, Defendants and Respondents.

No. 9309.

Supreme Court of Idaho.

Oct. 24, 1963.

J. F. Martin and C. Ben Martin, Boise, for appellants.

Terrell, Green, Service & Gasser, Pocatello, for respondent Donald A. Hoffman.

Milton E. Zener, Pocatello, for defendant George A. Hoffman.

**McFADDEN, Justice.**

Plaintiffs-appellants filed their complaint in Ada County, seeking damages for personal injuries to the individual plaintiffs, and for damages to an automobile of the corporate plaintiff. It is alleged that these damages occurred as a result of an automobile accident in Bannock County. Defendant George A. Hoffman, the owner of the other automobile involved in the accident, was served with process as provided by law for service of a non-resident of this state. Defendant Donald A. Hoffman, (also designated as Daniel A. Hoffman) appeared voluntarily, and timely moved the District Court of Ada County for transfer of the cause to Bonneville County, his place of residence, which motion was granted and the cause transferred to the District Court of that county. The answer of defendant Donald A. Hoffman, was filed in Bonneville County, and plaintiffs then moved for a retransfer of the cause back to Ada County on the ground of convenience of witnesses and that the ends of justice would be promoted.

Plaintiffs' motion for change of venue was accompanied by affidavits of each of the individual plaintiffs, an affidavit of the president of the corporate plaintiff, and an affidavit of plaintiffs' counsel. In opposition to that showing defendant Donald A. Hoffman filed his counter affidavit. The trial court denied plaintiff's motion for change of venue, from which order this appeal is taken.

I.C. § 5–404 provides that all actions, other than those relating to real property or for penalties and against officers or counties, " * * * must be tried in the county in which the defendants, or some of them, reside, at the commencement of the action; * * * subject, however, to the power of the court to change the place of trial, as provided in this code * * *." I.C. § 5–406 provides: "The court or judge must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial * * *. 3. When the convenience of witnesses and the ends of justice would be promoted by the change."

Plaintiff Robert E. Stephan's affidavit states he intends to call some eight witnesses, they being: two doctors who treated him for his injuries, and a radiologist who took x-ray pictures of his spine; three witnesses to testify as to his pain and sufferings, including his mother, his father

and his wife; two witnesses to testify as to facts concerning the alleged accident, they being, his co-plaintiff, Gannon and Linda Stephans, the sister of Robert E. Stephans, who was an occupant of the car at the time of the accident. Plaintiff Gannon, by his affidavit stated he intends to call some seven witnesses, they being: three doctors, two of whom would testify as to his injuries, the other a radiologist who would testify with reference to x-ray pictures taken; two witnesses to testify as to his pain and suffering, they being his mother and father; and two witnesses concerning the alleged accident, they being the plaintiff Stephan and his sister. All of these witnesses are stated to be residents of Boise.

From the affidavit of Mr. Miller, the president of the corporate plaintiff it appears the corporate plaintiff would call as witnesses the two individual plaintiffs, and Linda Stephans, to testify concerning the facts of the accident; that Mr. Miller, would be called to testify as to ownership of the car and the extent and nature of the damage to it and the reasonableness of the costs of repair. This plaintiff would also call three of its employees to testify as to the extent and nature of the damage to the car.

Plaintiffs' attorney by his affidavit amplified the area of testimony to be obtained from the various doctors to be called by the individual plaintiffs.

Defendant Donald A. Hoffman, by his affidavit in opposition to the change of venue listed his witnesses as including: the investigating officer of the Idaho State Police; one Gene Baker who arrived at the scene of the accident shortly after it happened; a physician who treated the individual plaintiffs immediately following the accident, and two faculty members of the Idaho State University, to testify concerning the activities of the individual plaintiffs following the accident. Subsequent to the hearing on plaintiffs' motion, the affidavit of Gene Baker was filed, in which he states that he came upon the scene of the accident in question and heard conversations between the driver and passengers in the car struck in the rear by defendant Hoffman, and that he would testify as to the conversations and events surrounding the accident only under subpoena.

Plaintiffs assert that Hoffman's affidavit fails to fully disclose the names of the witnesses and the statements expected from each so that the court may determine the relevancy, and materiality of the expected testimony of their witnesses, (Anderson v. Springer, 78 Idaho 17, 296 P.2d 1024; Finnell v. Finnell, 59 Idaho 148, 81 P.2d 401; San Jose Hospital v. Etherton, 84 Cal.App. 516, 258 P. 611), and whether such witnesses are necessary, or their testimony merely cumulative. (Spaulding v. Hoops, 49 Idaho 289, 287 P. 947). Examination of defendant Hoffman's affidavit

discloses the names of the witnesses he expects to call, and the general nature of their expected testimony such· that the trial court could properly determine whether such testimony was material, relative, and necessary, and not merely cumulative. The sole convenience of the moving party's witnesses for change of venue is generally not considered sufficient reason for a court to grant such motion, where, as here, the opposing party brings into issue the convenience of his own witnesses, but the entire situation should be examined and due consideration given the witnesses of all parties. Annot., 74 A.L.R.2d 16, § 20.

■■■ Aside from the six medical experts to be called by the plaintiffs, all of whom are residents of Ada County, the plaintiffs affidavits indicate the other witnesses are either plaintiffs, members of their families, or employees of the corporate plaintiff. The convenience of the parties themselves normally is not to be considered in such motion for change of venue. Harden v. Skinner and Hammond, ⍳30 Cal. App.2d 750, 279 P.2d 978; Chaffin Construction Co. v. Maleville Bros., 155 Cal. App.2d 660, 318 P.2d 196. The convenience of witnesses who are members of the immediate family of a party, or witnesses who are employees of one of the parties normally are not given the same consideration as given to witnesses not occupying such relationship. Connor v. Jacobs, 5 A.D.2d 1046, 173 N.Y.S.2d 472; Barnett

v. United Oil Co., 5 Cal.App.2d 175, 42 P.2d 656; J. C. Millett Co. v. Latchford Marble Glass Co., 167 Cal.App.2d 218, 334 P.2d 72; Harden v. Skinner and Hammond, supra; Kroehnke v. Gold Creek Mining Co., 100 Mont. 571, 51 P.2d 640; 92 C.J.S. Venue § 145c(2), p. 861; Annot., 74 A.L.R.2d 16, § 16.

■■ For the convenience of a particular witness, to be considered on such a motion, the testimony of such witness must be shown to be necessary, and not merely cumulative. See: Spaulding v. Hoops, 49 Idaho 289, 287 P. 947. Plaintiffs' affidavits indicate the testimony of several of the prospective witnesses would be cumulative to testimony of other witnesses. Mere preponderance in the number of witnesses which either party expects to produce, while generally recognized as an element to be considered, does not necessarily determine the merits of a motion for change of venue. Consideration should be given all other factors which may outweigh the factor of numbers alone. 74 A.L.R.2d 11, § 14.

■■■ When an issue is presented by affidavits or otherwise in opposition to the motion for change of venue and affidavits in support thereof, the granting or refusal of a change of venue under I.C. § 5–406, is addressed to the sound discretion of the trial court, and an order changing the place of trial or refusing to change it will not be disturbed in the absence of a manifest

abuse of that discretion: Shirley v. Nodine, 1 Idaho 696; Gibbert v. Washington Water Power Co., 19 Idaho 637, 115 P. 924; Lessman v. Anchustigui, 37 Idaho 127, 215 P. 460; Ondes v. Bunker Hill and Sullivan etc. Co., 40 Idaho 186, 232 P. 578; Spaulding v. Hoops, 49 Idaho 289, 297 P. 947; Sweeney v. American Natl. Bank, 64 Idaho 695, 136 P.2d 973; Moscow Vets Club v. Bishop, 69 Idaho 350, 207 P.2d 503; Jarvis v. Hamilton, 73 Idaho 131, 246 P.2d 216; 33 A.L.R.2d 910; Annot., 74 A.L.R.2d 16, § 4.

No abuse of discretion on the part of the trial court in denying plaintiffs motion appears and the trial court's order in this regard is affirmed.

Costs to respondent.

KNUDSON, C. J., and McQUADE, TAYLOR and SMITH, JJ., concur.