414 P.2d 666

**Willis R. ROBINSON, Plaintiff-Appellant,**

**v.**

**Ralph S. WHITE and White Hardware & Implement Co., Defendants-Respondents.**

**No. 9615.**

Supreme Court of Idaho.

May 25, 1966.

Clemons, Skiles & Green, Boise, for respondents.

Black & Black, Pocatello, for appellant.

SMITH, Justice.

This is an appeal from a judgment denying recovery to appellant for alleged malicious prosecution and from an order denying a new trial.

November 7, 1960, appellant entered into a conditional sales contract with respondent, Ralph S. White, who was vice-president of respondent, White Hardware & Implement Co. in Payette, and manager of a New Plymouth store, for the purchase of a television set. The contract provided for a $10.00 down payment, and that the balance be paid in $10.00 weekly installments beginning November 9, 1960. Subsequently respondents sold the contract to Bank of Idaho in New Plymouth. November 16, 1960, appellant made a weekly payment to the bank. The evidence is in dispute as to whether appellant told the bank's manager that he was leaving town in order to secure employment and would make up the payments as soon as he obtained work.

November 28, 1960, appellant registered with the New Plymouth Post Office a temporary change of address as General Delivery, Pocatello, Idaho. The postmaster testified that, although the new mailing address could not be given out, any letter mailed to the former address would be forwarded to the new address.

The bank and respondents checked with appellant's former employer, Hoops Construction Company, but were unable to obtain a forwarding address. They then checked with a Mr. Sorrick, appellant's former landlord in New Plymouth, with the same result; however, they did obtain from Mr. Sorrick appellant's automobile license number, through which the State Police obtained the information that ap-

pellant lived at 739 Grant Street, Pocatello. The bank sent a certified letter dated December 15, 1960, to that address, reminding appellant that he was four weekly payments in arrears on his contract. The letter was returned marked "no such street." The record shows that the incorrect address was obtained through no fault of the appellant.

The bank, being unable to locate appellant, requested respondents to repurchase the contract. January 20, 1961, respondents complied with the request. Thereafter statements mailed by respondents to appellant's former New Plymouth address were forwarded to Pocatello and returned. Respondents continued their search for appellant's new address, although they did not check with the credit bureau or appellant's credit references.

Finally, on April 15, 1961, not having located appellant, respondents discussed the matter with the prosecuting attorney in Payette County, explaining the contract and the several unsuccessful attempts to locate appellant. The prosecuting attorney then told respondents, in effect, that from the facts presented, it appeared a criminal offense had been committed. The prosecuting attorney then drew a complaint which respondent, Ralph S. White, signed, charging that appellant "* * * wilfully and with intent to injure, damage and defraud the said White Hardware & Implement Co., did remove said T.V. set wilfully knowing said conditional sales contract was unfulfilled and that said T.V. was then and there subject to said conditional sales contract and that title was still in the name of White Hardware & Implement Co."

April 25, 1961, the justice of the peace court in Payette County forwarded the warrant to the sheriff of Bannock County who, on April 28, 1961, apprehended appellant. The evidence is in dispute as to whether appellant was arrested. Appellant was released on his own recognizance and ordered to report to the sheriff of Payette County the following day, April 29, 1961, at 10:00 o'clock a. m., which he did. He then reported to the Payette County prosecuting attorney, who questioned appellant about "what he had done; his intentions; his address and change and so forth." The attorney then requested appellant to pay the balance due on the contract and the costs incurred as a result of the criminal process which he did. The attorney then telephoned Pocatello to check appellant's story. Subsequently, upon the prosecuting attorney's motion, the justice of the peace dismissed the criminal complaint. Appellant then returned to Pocatello and continued in the employ of Western Industries Company as a factory sales representative. Subsequently, during the latter part of 1961 or early 1962, he

was dismissed from such employment, but not because of the embezzlement charge.

In March, 1962, appellant was employed by the Alameda Police Department, as a patrolman; but after working about a week, he was discharged because of the embezzlement charge. Later, during early June, 1962, he sought employment by Premier Discount Center in Pocatello, but again he was not employed because of the charge on his record.

June 19, 1962, in Bannock County, appellant brought this action, alleging malicious prosecution by respondents, and resultant inability to obtain employment as a salesman or as a law enforcement officer.

July 9, 1962, the Fifth Judicial District Court in Bannock County granted respondents' motion for change of venue to the Seventh Judicial District in Payette County. December 7, 1962, the district court in Payette County denied appellant's motion for change of venue back to Bannock County. On December 17, 1962, appellant filed, in the Seventh Judicial District Court in Payette County, an amended complaint in which he again charged malicious prosecution. Appellant again renewed his motion for change of venue to Bannock County. The court ruled that the convenience of the witnesses would not be best served by such a change of venue, denied the motion on April 23, 1964, and set the cause for trial.

Trial by jury resulted in a verdict for respondents and entry of judgment accordingly.

Appellant moved for a new trial, assigning various grounds, including bias and prejudice of the jury in favor of respondents, supporting the motion with an affidavit of a juror. Upon respondents' motion, the court entered an order striking the juror's affidavit, followed by an order denying the motion for a new trial.

■ Appellant assigns as error the trial court's denial of his motion for retransfer of venue from Payette County to Bannock County. Appellant supported his motion by affidavit and respondent contested the motion by counter-affidavit, the one asserting the ground of convenience of witnesses in Bannock County and the other, in Payette County.

I.C. § 5–406, in part, provides that the court must, on motion, when it appears by affidavit or other satisfactory proof, change the place of trial in certain cases, including, "When the convenience of witnesses and the ends of justice would be promoted by the change."

The trial court's order denying retransfer of venue to Bannock County, recites:

"Upon the basis of the records and files of this Court in this action, this Court finds as fact (1) that, though the convenience of some possible witnesses

in this action may be served if venue in this action were ordered changed to Bannock County, Idaho, considering all possible witnesses in this action, the convenience of the witnesses in this action would not be best served by such a change of venue and (2) that the ends of justice would not be best served by such a change of venue (Defendant, Ralph S. White, among other witnesses, now being a resident of Payette County, Idaho)."

In Stephan v. Hoffman, 86 Idaho 304, 386 P.2d 56 (1963), this Court stated the rule:

"When an issue is presented by affidavits or otherwise in opposition to the motion for change of venue and affidavits in support thereof, the granting or refusal of a change of venue under I.C. § 5–406, is addressed to the sound discretion of the trial court, and an order changing the place of trial or refusing to change it will not be disturbed in the absence of a manifest abuse of that discretion: Shirley v. Nodine, 1 Idaho 696; Gibbert v. Washington Water Power Co., 19 Idaho 637, 115 P. 924; Lessman v. Anschustigui, 37 Idaho 127, 215 P. 460; Ondes v. Bunker Hill and Sullivan, etc., Co., 40 Idaho 186, 232 P. 578; Spaulding v. Hoops, 49 Idaho 289, 297 P. 947; Sweeney v. American Natl. Bank, 64 Idaho 695, 136 P.2d 973; Moscow Vets Club v. Bishop, 69 Idaho 350, 207 P.2d 503; Jarvis v. Hamilton, 73 Idaho 131, 246 P.2d 216, 33 A.L.R.2d 910; Annot., 74 A.L.R.2d 16, § 4." 86 Idaho at 309–310, 386 P.2d at 59.

The assignment of error is without merit.

■ Appellant next assigns as error the trial court's refusal to grant a new trial on the ground of bias and prejudice of the jury in favor of respondents, citing I.C. § 10–602.[1]

In support of such ground for new trial, appellant filed the affidavit of Mr. Smith, a juror, together with the voir dire examinations of Mr. Graham, the foreman of the jury, and Mr. Turner, a juror. The trial court rejected, and granted respondents' motion to strike, juror Smith's affidavit, which action respondents also contend was error.

---

1. "The former verdict or other decision may be vacated and a new trial granted on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party:

"1. Irregularity in the proceedings of the court, jury or adverse party, or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

"2. Misconduct of the jury; and when any one or more of the jurors have been induced to assent to any general or special verdict, or to a finding on any question submitted to them by the court, by a resort to a determination of chance, such misconduct may be proved by the affidavit of any one of the jurors."

In his voir dire examination, juror Graham, a farmer, stated that his acquaintance with respondent, Ralph White, was of a business nature by reason of purchases made at White's store. Juror Turner, a meat cutter in a grocery store, on voir dire examination, stated he also knew respondent White as a business acquaintance; also knew members of White's family, who had traded at the store where Turner worked. Both felt they could sit as fair and impartial jurors.

Juror Smith, in his affidavit, stated that before deliberations were had, juror Graham said in substance, "As I see it, Ralph White wouldn't do anything wrong. I've known Ralph for a long time, he wouldn't do anything like this." Mr. Smith then quoted a remark by juror Turner to the effect, "I don't see why * * * Ralph White should have to send 15 notices to collect a bill;" also, that another juror stated it looked to him like appellant was "just looking for a fast buck" and that "We are comparing Ralph White with a ridge runner;" also, that juror Graham singled out one instruction as the basis for a verdict.

In its memorandum decision, granting respondents' motion to strike the affidavit of juror Smith, the trial court ruled upon the aspects of irregularity in the proceedings of the jury, or misconduct of the jury, I.C. § 10–602, as follows:

"An examination of the voir dire testimony of the jurors Graham and Turner in light of the affidavit [of juror Smith] does not disclose any such false or misleading answers or any concealment of fact as would constitute misbehavior.

"The affivadit does not disclose any implied or actual bias existing at the time of the voir dire examination or any concealment. See Crespo v. Cook, 336 P.2d 31. The affidavit is in no way inconsistent with the verdict, and as a matter of fact a review of the evidence reflects that the statements of the jurors, Graham and Turner, contain inferences which could legitimately be drawn from hearing the testimony admitted into evidence."

We are in accord with the views expressed by the learned trial judge. The alleged statements made on voir dire examination, read with the statements contained in the affidavit of juror Smith, do not show discrepancies as to the acquaintanceship between respondent, Ralph White, and jurors Graham and Turner; nor does the record reflect any attempt to hide any information reflecting the type of acquaintanceship between respondent White and those jurors.

The statement of juror Turner to the effect that he didn't see why respondent had to send 15 notices to collect a bill does not reflect bias or prejudice when

considered in the light of the evidence showing the various efforts which respondents made in their efforts to locate appellant. The alleged remarks by juror Carnefix appear to be but an expression of an opinion after having listened to the evidence.

 a verdict may not be impeached by the affidavits of jurors, except for the statutory ground (I.C. § 10–602) that it was determined by chance. Dawson v. Eldredge, 84 Idaho 331, 372 P.2d 414 (1962); State v. Bedwell, 77 Idaho .57, 286 P.2d 641 (1955); Hall v. Johnson, 70 Idaho 190, 214 P.2d 467 (1950); Bernier y. Anderson, 8 Idaho 675, 70 P. 1027 (1902); Griffiths v. Montandon, 4 Idaho 377, 39· P. 548 (1895). In Dawson v. Eldredge, supra, this court adopted the language of the California Supreme Court in Kollert v. Cundiff, 50 Cal.2d 768, 329 P.2d 897 · (1958), which sets forth the reasons for the rule and the problems involved in departing from it, as follows:

"'A few jurisdictions permit ·a wider use of a juror's affidavit to impeach a verdict than has been allowed in California (citing cases), and plaintiffs urge us to relax the rule in this state. The problem involves the balancing of two conflicting policies. It is, of course, necessary to prevent instability of verdicts, fraud, and harassment of jurors, and, on the other hand, it is desirable to give the losing party relief from wrongful. conduct by the jury. The court in McDonald v. Pless, 238 U.S. 264, 267–269, 35 S.Ct. 783, 785, 59 L.Ed. 1300, after discussing these policies and stating that the wrong to the individual was the lesser of two evils, concluded that as a general. rule the. affidavits should be excluded but that there might be instances where the rule could not. be applied without "violating the plainest principles of justice."'" 84 Idaho at 339, 372 P.2d at 419.

The assignment of error is without merit.

 Lastly, appellant. asserts the insufficiency of the evidence to support the verdict and judgment. A verdict and judgment supported by substantial, though conflicting, evidence will not be disturbed upon appeal. I.C. § 13–219; Curzon v. Wells, Cargo, Inc., 86 Idaho 38, 382 P.2d .906 (1963); Eckman v. Jones, 85 Idaho 10, 375 P.2d 180 (1962); Dawson v. Eldredge,. supra

 An action. for malicious prosecution, to be successful, requires proof of the following requisites: (1) that there was a prosecution, (2) that it terminated in favor of plaintiff, (3) that the defendant was the prosecutor, (4) that the defendant was actuated by malice, (5) that there was

**556**

want of probable cause, and (6) that damages were sustained. Howard v. Felton, 85 Idaho 286, 379 P.2d 414 (1963). In Allen v. Moyle, 84 Idaho 18, 24, 367 P.2d 579, 583 (1961), the rule is stated as follows:

"This Court has adopted the general rule that advice of counsel is a complete defense to an action for malicious prosecution either of civil or criminal actions, where it appears that the prosecution was instituted in reliance in good faith on such advice, given after a full and fair statement to the attorney of all of the facts. The fact that the attorney's advice was unsound or erroneous will not affect the result."

The record discloses that the bank and respondent checked with appellant's former employer, his former landlord, the New Plymouth Post Office and the County Sheriff, who in turn checked with the State Police. The investigation did turn up the license number of appellant's automobile. This license number was checked through the State Police and an erroneous Pocatello address was obtained. The bank's certified letter, sent to that address, was returned. After respondents had repurchased the contract, they sent at least two more statements to appellant's New Plymouth address which, after having been forwarded to Pocatello, were returned. Finally, respondents consulted with the prosecuting attorney of Payette County, relating the facts as regards the contract for the sale and purchase of the television set, appellant's departure from Payette County, the defaulted status of the contract and the efforts to locate appellant. The prosecuting attorney thereupon advised respondents that from the facts presented a criminal offense appeared to have been committed, and prepared the criminal complaint which respondent White executed.

The evidence shows that respondents acted in good faith, and made a full and fair disclosure to the prosecuting attorney of all of the facts within their knowledge at the time of the filing of the complaint. The advice of the prosecuting attorney constituted a complete defense to appellant's malicious prosecution action. There is no merit to the assignment of error.

The judgment is affirmed. Costs to respondents.

McFADDEN, C. J., and McQUADE, TAYLOR and SPEAR, JJ., concur.